ERSKINE, COLLECTOR, v. HOHNBACH.

1. An appeal to the Commissioner of Internal Revenue from an assessment is only a condition precedent to an action for the recovery of taxes paid, and not a condition precedent to any other action where such action is permissible.

2. A collector of taxes of the United States cannot revise or refuse to enforce an assessment regularly made by the assessor of his district in the exercise of the latter's jurisdiction. The duties of a collector in the enforcement of a tax assessed are purely ministerial. The assessment, duly certified to him, is his authority to proceed, and constitutes his protection.

3. If an officer or tribunal possess jurisdiction over the subject-matter upon which judgment is passed, with power to issue an order or process for the enforcement of such judgment, and the order or process issued thereon to a ministerial officer is regular on its face, showing no departure from the law, or defect of jurisdiction over the person or property affected, then, and in such cases, the order or process will give full and entire protection to the ministerial officer in its regular enforcement against any prosecution which the party aggrieved thereby may institute against him, although serious errors may have been committed by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued.

4. The replication of de injuriâ, interposed to a special plea, justifying the seizure and conviction of property sued for by one as collector of internal revenue under an assessment against the plaintiff, duly made by the assessor of the district and certified to him, puts in issue the material averments of that plea. It throws upon the defendant the burden of proving so much of the plea as constitutes a defence to the action.

5. When to a declaration two special pleas are interposed, each setting up substantially the same defence, and by the replication to one issue is joined on the merits, and by the replication to the other an immaterial issue is formed, and upon the trial all the issues are found for the plaintiff, it is a matter of discretion in the court whether to arrest the judgment for the verdict on the immaterial issue and award a repleader, with which this court will not interfere.

6. The effect of the replication *de injuriâ* considered upon the authorities. However regarded, its sufficiency to put the material averments of the plea in issue cannot be raised after verdict.

ERROR to the Circuit Court for the Eastern District of Wisconsin; the case being thus:

The 19th section of the act of July 13th, 1866,* enacts:

"That no suit shall be maintained in any court *for the recovery of any tax* alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of said commissioner be had thereon."

With this statutory provision in force, Hohnbach sued Erskine, a collector of internal revenue, in an *action of trespass* for the seizure by him, the said collector, and conversion to his use of certain personal property of the alleged value of $10,000, belonging to him, the plaintiff.

The declaration was in the usual form in such cases, and alleged that the seizure and conversion were made in May, 1869, at Milwaukee, in the State of Wisconsin. To this the defendant pleaded the general issue, and two special pleas, in which he justified the acts complained of on the ground that they were done by him as collector of internal revenue of the first collection district of Wisconsin, in the enforcement of an assessment chargeable against the plaintiff, duly made by the assessor of the district, and certified to him, with an order directing its collection. Both pleas set up the same defence of justification as collector of internal revenue,

---

* 14 Stat. at Large, 152.

differing only in the particularity with which the facts of assessment and distraint and sale of the property were detailed.

To the first special plea the plaintiff replied *de injuriâ suâ propriâ absque tali causâ*—that the defendant committed the several trespasses mentioned in the declaration of his own wrong, and without the cause alleged by him; and upon this replication issue was joined.

To the second special plea the plaintiff replied that the tax assessed, which was upon tobacco sold and materials used in its manufacture, was never chargeable to him, inasmuch as he did not manufacture and sell, or remove, within the period mentioned in the assessment, the tobacco described, or any part thereof, and that he had paid all the taxes chargeable against him upon the tobacco manufactured by him, and sold or removed for consumption or use during that period. To this replication the defendant rejoined that the plaintiff had not paid the sum assessed against him, as stated in the plea, for the tobacco thus manufactured by him and sold or removed for consumption. The conclusion was to the country, and the plaintiff joined in the issue.

On the trial which followed the jury found the several issues in favor of the plaintiff, and assessed his damages accordingly.

The defendant then moved in arrest of judgment on several grounds. They amounted, however, substantially to this: that the second special plea set forth a good défence to the action, inasmuch as it showed that the seizure and conversion complained of were made by the defendant as collector of internal revenue in the enforcement of a tax regularly and legally assessed against the plaintiff; and that the replication did not answer this plea because it did not allege that the plaintiff had taken an appeal from the assessment to the Commissioner of Internal Revenue, without which the action was not maintainable. The motion was denied, and judgment was entered upon the verdict for the plaintiff. To review this judgment the defendant brought the case here on writ of error.

*Mr. C. H. Hill, Assistant Attorney-General, for the plaintiff
in error ; Messrs. Smith and Stark, contra.*

· Mr. Justice FIELD delivered the opinion of the court.

We do not think that the omission, in the replication, to
allege that the plaintiff had taken an appeal from the assess-
ment to the Commissioner of Internal Revenue affected the
character of the replication, or that the insertion of the alle-
gation would have aided it.   The defect of the replication
consisted in the fact that it raised an immaterial issue.   An
appeal to the Commissioner of Internal Revenue from an
assessment is only a condition precedent to an action for the
recovery of taxes paid.   It is not a condition precedent to
any other action where such action is permissible.

The collector could not revise nor refuse to enforce the
assessment regularly made by the assessor in the exercise of
the latter's jurisdiction.   The duties of the collector in the
enforcement of the tax assessed were purely ministerial.
The assessment, duly certified to him, was his authority to
proceed, and, like an execution to a sheriff, regular on its
face, issued by a tribunal having jurisdiction of the subject-
matter, constituted his protection.

Whatever may have been the conflict at one time, in
the adjudged cases, as to the extent of protection afforded
to ministerial officers acting in obedience to process, or or-
ders issued to them by tribunals or officers invested by law
with authority to pass upon and determine particular facts,
and render judgment thereon, it is well settled now, that if
the officer or tribunal possess jurisdiction over the subject-
matter upon which judgment is passed, with power to issue
an order or process for the enforcement of such judgment,
and the order or process issued thereon to the ministerial
officer is regular on its face, showing no departure from the
law, or defect of jurisdiction over the person or property
affected, then, and in such cases, the order or process will
give full and entire protection to the ministerial officer in
its regular enforcement against any prosecution which the
party aggrieved thereby may institute against him, although

serious errors may have been committed by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued.*

Now, the replication to the second special plea did not deny the jurisdiction of the assessor to make an assessment under the circumstances alleged in the plea; nor that the assessment made by him was duly certified to the defendant as collector of the district, with an order to proceed to enforce it, nor that the property assessed was subject to taxation; but only averred that the assessment made was not chargeable against the plaintiff, because he had not manufactured and sold or removed the property assessed within the period mentioned, and had paid all the taxes chargeable against him upon such property—an averment which, if true, would only have shown that the assessor had erred in his judgment in making the assessment, and could not have controlled the action of the collector, nor have justified him in suspending the enforcement of the tax. A judgment debtor might as well complain of the enforcement of an execution by a sheriff on the ground that the court erred in finding that he was indebted to the plaintiff and so giving judgment against him.

An immaterial issue having been thus tendered the proper course for the defendant to pursue was to demur to the replication, and thus force the plaintiff to join issue on the merits of the defence pleaded, or to allow judgment to pass against him. Had the issue here made been the only one in the case tendered to the defence pleaded by the second special plea, the defendant, not being able to set up that defence under the general issue, would have been entitled after verdict to an arrest of judgment and an award of repleader.†  But such was not the fact here. The first special plea set up the same defence as the second. In both of the special pleas the defendant justified the seizure and conversion of

---

* Savacool *v.* Boughton, 5 Wendell, 171; Earl *v.* Camp, 16 Id. 563; Chegaray *v.* Jenkins, 5 New York, 376; Sprague *v.* Birchard, 1 Wisconsin, 457.

† Gould on Pleading, chap. x, § 29.

the property, described in the declaration, as collector of internal revenue, under an assessment against the plaintiff duly made by the assessor of the district and certified to him. The difference in the language used in the two pleas, and in the particularity with which the assessment of the tax and the distraint and sale of the property were set forth, did not change the substantial identity of the defence made.

Now the replication of *de injuriâ,* which was interposed to the first special plea, put in issue the material averments of that plea. It threw upon the defendant the burden of proving so much of the plea as constituted a defence to the action. As no error in the ruling of the court on the trial is presented, we are forced to presume that the defendant was afforded every opportunity allowed by law to establish the facts averred by him. To arrest judgment upon the verdict rendered on this issue because an immaterial issue was formed upon a replication to another plea setting up the same defence, and award a repleader, would be in effect to allow the same matter to be twice tried. Such being the case, the granting or refusing the motion rested in the discretion of the court below, with which this court will not interfere.

We are aware of numerous decisions in this country to the effect that the replication *de injuriâ* is only a good replication where the plea sets up matter of excuse, and is not good where the plea sets up matter of justification, though the justification be under process from a court not of record, or rest upon some authority of law other than a judgment of a court. Such are the decisions of the Supreme Court of New York,[*] and they proceed upon the supposed doctrine of the resolutions in *Crogate's Case.*[†] But an examination of that case will show that the doctrine is not supported to the extent laid down in the New York decisions. The third resolution in Crogate's case does state that a replication *de injuriâ* is bad where the justification is under au-

---

[*] Griswold *v.* Sedgwick, 1 Wendell, 131; Coburn *v.* Hopkins, 4 Id. 577.

[†] 8 Coke, 132.

thority of law, but, as observed by Mr. Justice Patteson, in *Selby* v. *Bardons*,* this, if taken to the full extent of the terms used, is inconsistent with that part of the first resolution which states that where the plea justifies under proceedings of a court not of record the replication may be used. In that case the declaration was in replevin for goods and chattels. The avowry of the defendant stated that the plaintiff was an inhabitant and occupier of a tenement in a certain parish; that a rate for the relief of the poor of the parish was duly made and published, in which the plaintiff was rated at seven pounds; that he had notice of the rate and was required by the defendant, as collector, to pay the same, which he refused; that he was then summoned before two justices to show cause why he refused; that he appeared, but showing no cause, the justices issued a warrant to the defendant to distrain the plaintiff's goods and chattels, under which he, and the other defendant as his bailiff, took the goods and chattels mentioned in the declaration. To this avowry the plaintiff filed the plea of *de injuriâ*, to which a special demurrer was interposed assigning for cause that the plea offered to put in issue several distinct matters, and was pleaded as if the avowry consisted wholly in excuse of the taking and detaining and not as a justification and claim of right. The court considered at length both causes, and held that the plea was good. On error to the Court of Exchequer Chamber this ruling was affirmed,† and the decision, it is believed, has never been departed from in the English courts. The plea *de injuriâ* in this case to the avowry stands like the replication *de injuriâ* to a plea setting up similar matter in an action of trespass. There is no distinction in the effect of the plea in one case and the replication in the other. This was held by the King's Bench in the case cited, and by the Court of Exchequer Chamber on error.

This case is authority for the sufficiency of the replication to the first special plea. Other cases might be cited to the same purport. The decisions in England on this point will

---

* 3 Barnewall & Adolphus, 2.                † 3 Tyrwhitt, 430.

be found collected in a learned note to Crogate's case by
Mr. Smith in his Leading Cases, and the decisions in this
country will be found collected in an equally learned note
by the American editors of that work.

But aside from the considerations mentioned, however the
replication might be regarded in some courts on special de-
murrer, its defective character, if at all defective, was cured
by the verdict. The objection to its sufficiency to put the
averments of the plea in issue cannot be raised after verdict.*

JUDGMENT AFFIRMED.

---

* See Lytle v. Lee & Ruggles, 5 Johnson, 112, and the cases there cited.