## HAFFIN *v.* MASON.

If a collector of internal revenue under the Internal Revenue Act of June 30th, 1864, have a proper warrant from the assessor for the collection of taxes specially assessed for deficiency of an original return, he cannot be sued in trespass for distraining and selling the taxpayer's property, on such person's refusal to pay the new assessment, even though such assessment have been illegally made. The warrant of the assessor is a justification to him. *Erskine* v. *Hohnbach* (14 Wallace, 613) affirmed.

Hence, a recovery cannot be had in an action of trespass against him and an assessor for an assessment made by the assessor, in disregard of the act, however such recovery could be had against the assessor in an action against him alone.

ERROR to the Circuit Court for the Southern District of New York; the case being thus:

The act of June 30th, 1864, " to provide internal revenue to support the government," &c.,* makes it the duty of distillers to make and return to the assessor of their district, a

---

* Sections 11, 14, 13 Stat. at Large, 225, 226.

list of the merchandise made or sold by them; and if they make a list which in the opinion of the assessor is false or fraudulent, or contains any understatement or undervaluation, it is made the duty of the assessor—it being made "lawful" for him first to give notice to the party, and summon such party before him to give testimony and to answer interrogatories respecting his trade and sales, and in case of a neglect of the party on such notice to come before him, then to have him summoned before the judge of the district whose duty it is made by himself or his commissioner, on the parties being brought before him, to hear the case—to make, according to the best information he can obtain, a *true* list, according to a form which the statute prescribes, "of the property, goods, wares, and merchandise, and all articles or objects liable to duty or tax, . . . and assess the duty thereon," adding in certain cases penalties prescribed; "and the amount" so added to the duty "shall in all cases," says the act, "be collected by the collector at the same time and in the same manner with the duties; and the lists or returns so made . . . shall be taken and reputed as good and sufficient lists or returns for all legal purposes." Other parts of the act authorize distress and sale of the party's property for non-payment of duties lawfully assessed.

With this act in force Hyatt, assessor of internal revenue for one of the districts of New York, being, or professing to be, of the opinion that Haffin and Wagner, distillers there—who had made certain returns which they alleged to be *true*, and paid taxes upon *them*—had not in a list rendered by them, made a true return of liquors which they had distilled during a term specified, made out—in a form somewhat peculiar, and purporting to be an assessment upon "deficiency on returns," and without giving to the distillers any notice of the increased enumeration or of his action, and so without giving them any opportunity to be heard—a new list, which, having duly certified, he gave to one Mason, the collector of the district, that he might collect the amount charged. Mason made a demand at the distillery for payment of the sum, and payment being refused, he distrained

upon the distillery and other property of the distillers and sold it at auction; the distillers being present and protesting against the sale. Hereupon they brought an action of trespass against both Hyatt and Mason, on the ground that the whole proceeding was wrongful, as they had made correct returns of their business, paid all the taxes properly chargeable upon it, and done nothing which justified the action of the assessor. Plea, "not guilty." On the trial the plaintiffs having given evidence tending to show, as they considered, a non-compliance by Hyatt, the assessor, with requisitions made by the internal revenue act, requisitions (as they considered) *precedent* to any lawful levy on a new list—and the new list in this case being in evidence without objection, and without any point raised as to its form or sufficiency—requested the court to charge "that the defendants were liable in this action, and that the plaintiffs were entitled to judgment for the value of the property seized and sold by the defendant, Mason, as aforesaid."

The court refused so to charge, and directed the jury to find for the defendants, which they did. Judgment having been entered accordingly, the plaintiffs brought the case here.

*Messrs. J. Hubley Ashton* and *H. F. Averill, for the plaintiffs in error:*

1. The only authority which Mason had for seizing and selling the property, was the "list" given him by Hyatt. In this "list" he must find justification, or he is a trespasser. Now this list affords him no protection, unless under the Internal Revenue Act Hyatt had the power to make it. And these statutes, so far as they operate to take away the rights of the citizen, must be construed strictly. They cannot have an equitable construction, nor be extended by implication. Every substantial requisite of the law must be shown to have been complied with. No presumption can be raised in behalf of a collector who sells property for taxes to cover any radical defect in the proceedings. Now, here the assessor was bound to give notice to the distillers of his dissatisfac-

·tion with their returns, in order that they might show them to have been true. When it was made lawful for him to do this, it was made obligatory. The assessor is not to proceed inquisitorially, and to be at once detective, prosecutor, and judge. Suppose that in fact the returns which the plaintiffs made were true. What a case have we of oppression by a subaltern officer of the revenue. Undoubtedly their notice was a prerequisite.

2. The list was void on its face. It purports to be an assessment upon " deficiency on returns " of distilled spirits. There is no tax known to the law " on deficiency on returns."

3. That both defendants are liable for the trespass, would seem from the case of *Smith* v. *Shaw*.[*]

*Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, contra.*

Mr. Justice DAVIS delivered the opinion of the court.

In the view we take of the case, it is not necessary to notice anything that occurred at the trial, except the refusal of the court, on the request of the plaintiffs, to charge "that the defendants were liable in this action, and that the plaintiffs were entitled to judgment for the value of the property seized and sold by the defendant, Mason." The refusal to give this instruction was excepted to and is assigned for error. If, in the state of this record, *both* these defendants were not liable in an action of trespass, the charge, as prayed, was incorrect, and therefore properly refused.

We are not required to consider whether the assessor was not liable, because the proposition which the court was asked to sanction assumed the liability of both, and a party cannot assign for error the refusal of an instruction to which he has not the right to the full. extent as stated, nor is the court bound to modify the instruction moved for by counsel, so as to bring it within the rules of law.[†] If the plaintiffs wished

---

[*] 12 Johnson, 257.

[†] *Catts* v. *Phalen*, 2 Howard, 382; *Buck* v. *Chesapeake Insurance Co.*, 1 Peters, 159.

to test the question whether, under the evidence in the case, they could not recover against the assessor alone, they should have fashioned their instruction to meet that emergency.

If they did not choose to do this, they are precluded from raising the question here, and the only point for decision is whether the court below erred in refusing the instruction in the terms in which it was presented.

A ministerial officer, in a case in which it is his duty to act, cannot on any principle of law be made a trespasser. This court, in the recent case of *Erskine* v. *Hohnbach*,* applying this doctrine to a collector of internal revenue, say, that his duties in the enforcement of a tax-list are purely ministerial, and that " the assessment duly certified to him is his authority to proceed, and, like an execution to a sheriff, regular on its face, issued by a tribunal having jurisdiction of the subject-matter, constitutes his protection."

The assessment in this case, duly certified by Hyatt, the assessor, was received in evidence without objection, and no point was raised as to its form or sufficiency. If, then, the assessor had the right to decide the question, whether the plaintiffs were liable to the increased taxation, the list delivered by him to the collector, properly certified, was his warrant to seize and sell the property, in case the taxes were not paid, after he had made demand for them.

It was not the business of the collector to inquire into the case to ascertain whether the assessor had reached a proper conclusion upon the matter submitted to his judgment, nor had he any right to refuse to enforce the assessment.

The act of June 30th, 1864,† confers authority on the assessor to make an increased enumeration in case the distiller has not rendered a true account of his business, and directs the manner of proceeding, in order to find out the deficiency. This mode was not pursued by the assessor, and as the case stands, it would seem that the plaintiffs have been adjudged to pay a large amount of money without the opportunity to be heard, and which they swear they do not owe the United States. It is presumed the assessor had

---

* 14 Wallace, 613.          † Section 14, 13 Stat. at Large, 226, 227.

grounds for his action, which would relieve the case of its apparent hardship, but whether he had or not, the collector is protected. This officer had the right to suppose the taxes were due, and that all proper steps had been taken to ascertain this fact. If he could not rightfully act on this supposition, it is difficult to see how he could be protected in collecting taxes, when the authority of the assessor to levy them was given by law, and the precept for their collection was regular on its face. It follows, from these views, that the Circuit Court was right in refusing the instruction as prayed for, and that, on the ground that the collector was not a trespasser, the judgment must be

AFFIRMED.