ADAM N. SCHUSTER, Appellant, *vs.* CHAS. WEISSMAN, *et al.*, Respondents.

1. *Contracts—Not under seal—Sureties, liability of.*—Obligations may be enforced against sureties, although the instruments be not under seal.

2. *U. S. Collectors—Deputies—Appointment of for particular counties.*—United States collectors of revenue may appoint a particular deputy for a particular county, although his principal district embraces other counties as well.

3. *United States deputy collector—Bond—Assessment—District—Partition of— Effect on liability of sureties.*—Where by the terms of his bond a deputy collector was obliged to account for all collections in the collector's district, including Jackson county, and that county was at the date of the instrument known as "Division One," and it was afterwards divided into two districts for assessment, such partition was held not to impair the liability of the sureties of the deputy for his breaches of the bond.

4. *U. S. collector—Erroneous assessment—Collection of taxes upon—Duty of collector—Bondsmen, liability of.*—The sureties of a deputy U. S. collector are responsible for taxes assessed in the county, for which he is appointed, although collected from persons residing outside of the county. He is bound to collect according to the assessment list, even though erroneous, and his sureties are liable in case of his failure to do so.

5. *U. S. collector—Deputy—Authority of to sell stamps to brewers, etc., outside of his county.*—The sale of U. S. revenue stamps is a mode of collecting U. S. taxes, and a deputy collector, appointed for a particular county, has no authority to sell stamps to brewers, distillers, etc., residing in parts of the collection district outside of his county.

*Appeal from Jackson County Circuit Court.*

*Tichenor & Warner, with Gage & Ladd,* for Appellant, cited: U. S. vs. Kirkpatrick, 9 Wheat. 720; Leggett vs. Humphreys, 21 How. 75; Miller vs. Stewart, 9 Wheat. 681; Blair vs. Perpetual Ins. Co., 10 Mo. 565; Nolley vs. Callaway County, 11 Mo. 447; City of St. Louis vs. Sickles' Exec'x, 52 Mo. 127.

*F. M. Black,* for Respondents, cited: U. S. vs. Linn, 15 Pet. 311; Warren vs. Lynch, 5 John, 247; Montville vs. Houghton, 7 Conn. 546; McClurg vs. Philips, 49 Mo. 315; 5 Johns. Ch. 224.

NAPTON, Judge, delivered the opinion of the court.

The defendants in this case are sureties for one Weisman, deputy collector, under the plaintiff, who was collector of U. S. rev-

enue for the sixth collection district of Missouri.   The appointment of Weisman as deputy was made in April, 1869, and extended to so much of plaintiff's division as included Jackson county ; and on the 17th of April, the contract sued on was executed.   This contract was to secure to the collector (the plaintiff) a faithful discharge of the duties of Weisman, the deputy.   This collection division for which Weisman was thus appointed deputy, at the date of the bond, corresponded with assessment division No. one, of said district, which also embraced all Jackson county. A few days after the execution of the contract referred to (viz: on May 3d, 1869), this assessment division, embracing only Jackson county, was divided into two districts, and the two called "Divisions One and Eleven."

The entire sixth collection district of the plaintiff embraced other counties than Jackson.   In point of fact the deputy, whose securities are sued, collected the taxes in both Nos. One and Eleven, and the second count of the answer of defendants, which sets up as a defense this division of Jackson county into two assessment districts, was stricken out by the court.

The first part of the answer denies the validity of the apportionment of Weisman, and the obligation of the instrument sued on.

The third count of the answer denies the reception of the sums of money charged in the plaintiff's account of defalcations.

The obligation sued on, which is not under seal, was read in evidence on the trial, and the bill of exceptions states that the plaintiff introduced evidence tending to show that he appointed by an instrument in writing, under his hand, about the —— day of April, 1869, said Weisman, a deputy collector of internal revenue, within and for the division of said district, including Jackson county, and that said Weisman, under said appointment, continued to act as such deputy until March 16th, 1871, and during said period collected the several sums of money, and received from plaintiff the stamps mentioned in the exhibits filed with the petition, and on account thereof paid over and accounted to plaintiff for the sums stated in said exhibits, and no more, and that said exhibits contain a true statement of the accounts of plaintiff and

said Weisman (which exhibits are set out in the record). And plaintiff introduced evidence tending to prove all the other issues in the case on his behalf; also evidence tending to show that the said sixth collection district consisted of several counties, and that the same was divided into different assessment subdivisions, which evidence in relation to said accounts consisted in part of monthly reports of said Weisman, as deputy collector, made to the collector, specifying from whom and on what account collections were made, and which reports were on different forms, numbered and designated as explained by writing on the back of said exhibits of account. One of each of the several of said reports is inserted as specimens of said reports and their counts.

Defendants introduced evidence tending to show that, included in said accounts, as shown by said exhibits, are the proceeds of certain stamps sold by said Weisman at his office in Kansas City, in Jackson county, to persons residing and carrying on the business for which said stamps were required outside of Jackson county, and that said Weisman during said period, sold out of said stamps, for which he is charged in this account, an amount exceeding three thousand dollars to one Hutchinson, a resident of Clay county, Missouri, and the owner of a distillery in said Clay county—which stamps were required by said Hutchinson to be used at his said distillery and in the business thereof—and also evidence tending to show that, included in said accounts was another item of $829 tax collected by said Weisman, at his office in Kansas City, of Garth & Wymore, of Liberty, Clay county, Missouri, which tax was assessed upon said Garth & Wymore, in said Jackson county on account of their receipts from a business carried on by them in transferring goods from the terminus of the Hannibal and St. Joseph railroad, in Clay county, Missouri, across the Missouri river to Kansas City, in said Jackson county; that said Garth & Wymore at all times resided in said Clay county, and kept their office and stables and teams in said Clay county, and were engaged in delivering the freight received by them from said railroad to merchants in Kansas City, and to other railroads at their depots in said Kansas City, in Jackson county, and that said Garth & Wymore were never assessed for such business except

as above stated, in said Jackson county. And evidence was introduced tending to show that, included in said accounts, were the following : one item, $400 tax collected of John A. Sydenor, distiller, residing and doing business in Platte county, assessed in Division Ten ; also a similar item of $100, and another of $29.17, which said items were for taxes against persons residing and doing the business for which said taxes were assessed outside of said Jackson county, and which said taxes were assessed against said persons within and for divisions of said district other than that or those including Jackson county, which said items the court, by instructions, excluded from plaintiff's account.

Defendants further introduced evidence tending to show that on the 23d day of January, 1871, plaintiff caused one W. H. Bliss, a deputy of plaintiff, to take charge and control of the office and business of said Weisman as such deputy collector, and to continue in such charge and control until the 10th day of March, 1871, and that on the 23d day of January, 1871, said Weisman was not indebted to plaintiff on account of stamps received by him in a sum exceeding $60, and that on the —— day of January, 1871, said Weisman was not indebted to plaintiff on all accounts, except stamps accounts, in a sum exceeding $30 ; and also evidence tending to show that prior to May 3d, 1869, said Jackson county constituted assessment Division One of said sixth district, and that on said 3d day of May, 1869, said Division One was divided by the assessor of said district into Divisions One and Eleven, Division One being thenceforth that part of Kansas City north of Twelfth street, and Division Eleven all the remainder of Jackson county, and that said accounts accrued in collecting internal revenue in said Divisions One and Eleven, being all of Jackson county, and that the divisions referred to in the evidence are such assessment divisions.

In rebuttal the plaintiff introduced evidence tending to show that plaintiff never, at any time, caused said Bliss to take charge or control of said office or business of said Weisman, nor did said Bliss ever at any time take charge or control of said office or business, and that on the said 23d day of January, 1871, said Weisman was indebted to plaintiff on his said stamp accounts in a sum

greater than $60, and in said other accounts in a sum greater than $30.

And this was all the evidence in said cause.

Plaintiff asked the court to give instructions numbered 1, 2, 3 and 4, and to the giving of which, and each of which, the defendants at the time objected, and which are as follows :

1. If the court, sitting as a jury, believes from the evidence, that Weisman was by plaintiff, on or about the middle of May, 1869, in writing, appointed a deputy collector, then by the terms of the agreement and obligation sued on, he and his securities are liable and bound to pay to plaintiff all duties and taxes collected by said Weisman which were levied and assessed within the county of Jackson, and to account for all United States revenue stamps sent by plaintiff to said Weisman, and by him received as such deputy collector ; and if the court shall believe from the evidence that said Weisman has failed to pay over any such duties and taxes so levied or assessed, and by him, said deputy, collected, and has failed to account for any such stamps, then the court will find for the plaintiff and assess his damages at the amount of such duties and taxes so collected and not paid over to plaintiff, and the value of such stamps so unaccounted for, giving to said Weisman all just credits, however.

2. "Although the court may believe from the evidence, that the items of $400 and $100, collected of one Sydenor were assessed in assessor's Division Ten, and that said division was not in Jackson county, still, if such amounts were actually received by said Weissman, and reported to plaintiff among his other collections and sales of stamps, and if at certain times thereafter all the amounts reported up to that time, including said two items of $400 and $100, were paid by Weissman to plaintiff, then no deduction can be made in this suit on account of such items so assessed in Division Ten."

3. "Although the court may believe that some of the items charged in the accounts as taxes or duties, were collected by said Weissman as deputy collector, and that such items were not assessed in Jackson county, still, if such items have been paid to plaintiff, then no deductions should be made on account of

such items having been assessed in another assessment division than those constituting Jackson county."

4. " Although the jury may believe that in January, 1871, plaintiff sent one Bliss, a deputy collector, to Kansas City to aid and assist said Weissman, and that said Bliss did thereafter assist said Weissman in the discharge of some of his duties, and that the duties and taxes collected thereafter, and proceeds of stamps sold, were by those who made the collections and sales deposited to account of said Weissman, and by him on his checks drawn out of the bank, and that said Weissman made report of all such collections and sales as deputy collector, such facts in no way constitute a defense, and the defendants are liable for all failure to pay over money and account for stamps, until and after the actual removal of said Weissman from office."

The court gave for defendant the following instructions:

1. "The item of $400, contained in the charge of $27,382.38, dated May 12, 1870, being for license tax of John A. Sydenor, as a distiller, living and carrying on his business as such distiller, in Platte county, Missouri, and not within said division including Jackson county, must be excluded from plaintiff's account."

2. "If the court finds, from the evidence, that on the 23d day of January, 1871, the plaintiff caused his deputy, W. H. Bliss, to take charge of the office and business of said Weissman, as deputy collector within and for said division, and from that time on to continue in charge of said office and business, controlling and directing the same in the name of said Weissman, and with said Weissman's consent, and that on the 31st day of January, 1871, the said Weissman was in default to plaintiff on all accounts except stamp account, in the sum of $31 and no more, and that at the same time said Weissman was indebted to plaintiff upon said stamp account only to the amount of $60, then the damages to be assessed against defendants cannot exceed the sum of $91, and interest thereon, although the court may find from the evidence, that said Weissman subsequently became indebted to plaintiff in a much larger sum as such deputy collector; unless the court further finds from the evidence, that such subsequent indebtedness in excess of $91, arose out of transactions had by

said Weissman, as such deputy collector, other than those which were done and made under the supervision and control of said Bliss."

3. "If Weissman was appointed deputy collector by plaintiff, and plaintiff put another deputy collector in the office of Weissman, and that deputy, although he did not assume control of the office to the exclusion of Weissman, yet if he sold and had charge of stamps, and made collections of monies, then, although the court may believe that defalcations occurred in said office, while both deputies were in said office, it devolves upon plaintiff, before he can recover, to show that the defalcation was not occasioned by the acts of the other deputy collector."

The court refused to give for defendants the following instructions :

1. "Under the bond sued on, defendants are not responsible for any liability incurred by Weissman in the performance of any duties of office as deputy collector not included in the regular collection of Internal Revenue in and for the division including Jackson county, and the breach assigned being for failure to pay over a balance of account, the items of which are set forth, all those items of said account charged against said Weissman, which do not properly belong to the collection of Internal Revenue within and for Jackson county must be excluded therefrom."

2. "The item of $826.96 being tax assessed upon Wymore & Garth, of Liberty, Clay county, must be excluded from plaintiff's account for the same reason."

3. "All other items shown by the evidence to be included in plaintiff's accounts of charges against said Weissman, not properly included within the collection of Internal Revenue for said division, must be excluded and deducted from the account of charges against said Weissman."

4. "There is no evidence of any breach of the conditions of the obligations sued on, subsequent to the 23d day of January, 1871."

5. "If the court believes from the evidence, that plaintiff, as collector of said district, during said Weissman's term of office as deputy, caused or permitted said Weissman, as such deputy,

to perform duties not included within the collection of revenue within and for said district, such as selling stamps to persons residing and doing the business for which such stamps were required outside of said division, or collecting taxes from persons living and carrying on the business for which such taxes were assessed outside of said division, and that such transactions are included in, and are a part of, the general account charged against said Weissman in this account, the amount of which charges is not, and cannot be, ascertained, then the court must find for defendant.''

6. ''If the court believes from the evidence, that Weissman made collections to an unknown amount on illegal assessments, *i. e.*, assessments upon persons doing business outside of the district of which he was deputy collector, and that he sold stamps to persons doing business outside of said district, then if it does not appear by plaintiff's evidence what part of the alleged defalcation was of such collections, defendants are entitled to recover.''

The court of its own motion gave the following declaration:

''The court declares the law to be, that for all collections made by said Weissman, as deputy collector, on assessments made outside of Jackson county, and for all revenue stamps sold outside of said county by said Weissman, as such deputy collector, these defendants, as his securities, are not liable; but they are liable for all collections made by said Weissman, as such deputy collector on assessments made in Jackson county, though on persons residing outside thereof, and for all revenue stamps sold by said Weissman, as such deputy collector, in Jackson county, though to persons residing outside thereof; -provided said Weissman failed to account to plaintiff therefor.''

The facts and law of the case were submitted to the court, and after hearing the testimony and taking the same under advisement, the court gave a verdict and judgment for the plaintiff for $7,863.50. Motions for new trial and in arrest were made, as usual, and overruled.

In regard to some points properly presented by the refusal of instructions, no stress has been placed upon them in the argu-

ment before us, and we may therefore dispose of them by a bare statement of results.

The validity of the obligation sued on, which is not a bond under seal, is one of those points not insisted on, and indeed, the point seems to be well settled, in the cases cited, in favor of the plaintiff's right to enforce a voluntary security given him, whether conforming to the statute or not. If it were not so settled, the 10th section of the Internal Revenue law, which speaks of bonds and "other securities," would seem to authorize the contract in question.

Another point raised by the instruction is, that the plaintiff could not appoint a deputy for Jackson county alone, when the principal district embraced various other counties. But the act of congress (§ 10) provides that "each collector shall be authorized to appoint, by an instrument of writing under his hand, as many deputies as he may think proper, to be by him compensated for these services, and also to revoke any such appointment, giving such notice thereof as the commissioner of internal revenue may prescribe; and may require bonds or other securities, and accept the same from such deputy, and each such deputy shall have the like authority, in every respect, to collect the duties and taxes levied or assessed, *within the portion of the district assigned to him*, which is by this act vested in the collector himself ; and each collector shall, in every respect, be responsible, both to the United States and to individuals, as the case may be, for all moneys collected and for every act done by any of his deputies, whilst acting as such, and for every omission of duty."

It seems clear from this section, that the collector has power to appoint deputies for distinct portions of his district, as many as he pleases, and these deputies are invested with all his authority within the portion of the district assigned to them.

A prominent point discussed in this case arises from the change made after the execution of the obligation sued on, by dividing Jackson county into two assessment districts, and it is insisted that the obligation only extended to the assessment district as it was on the execution of the bond. The obligation certainly extended to all that portion of plaintiff's collection district which was

assigned to Weissman, and although that district, which embraced all Jackson county, was known as " Division One" when the contract was made, and was afterwards divided into two districts, one and eleven, for assessments, it is not easily perceived how any obligation could be enlarged or diminished by holding the securities responsible for defalcation in the district to which their principal was appointed deputy, although the name of the district was changed subsequently to his appointment and their obligation. Undoubtedly, if the bond or contract had been to secure Weissman's discharge of duties as deputy for Division One, the securities could not be held for any default as deputy for Division *Eleven*, nor perhaps, under the decision of Judge Story in Miller vs. Stuart (9 Wheat. 687), if Weissman had been permitted to act as deputy of the two divisions, although the money he received was altogether derived from the first. But the obligation was to account for all collections in the plaintiff's collection district, including Jackson county, and that embraced both Divisions One and Eleven, the second defense of the answer was therefore properly stricken out.

Another point made in the case is, that the deputy collector collected all taxes assessed in Jackson county, although from persons residing elsewhere, and that the securities were not responsible for such collections, from persons residing outside of Jackson county. It seems to be well settled by the Supreme Court of the United States, in their construction of the revenue laws, that the collector has no authority to investigate the validity of assessments. The lists handed to him constitute the warrant to collect. (Haffin vs. Mason, 15 Wall. 675.) The collections objected to were, therefore, obligatory, and such as the securities of the deputy collector were liable for, although the assessments may have been erroneous or illegal.

There is more difficulty in regard to the sales of stamps made by the deputy to persons outside of Jackson county, for which, in this case, the defendants were held responsible. Neither the collector nor any deputy has authority, by the revenue law (§§ 52, 53, &c.) to sell stamps to any brewer or distiller, or manufac-

turer of tobacco, outside of his district, and if the deputy for Jackson county did sell stamps to any person outside of the 6th collection district, his securities would not be liable, because they only undertake to respond for his fidelity in regard to such duties as the law requires of him. The instruction given by the court admits of an interpretation which would authorize the deputy for Jackson county to sell stamps to any one in the State, provided the sale was made within Jackson county, but I infer from the counter instruction asked by the defendants, and which was refused, that there was no sale made to any one outside of the collection district, and, therefore, no necessity of any qualification of this kind being made. The question arose on sales in Jackson county to persons in some other county in the collection district, and the question is, whether the deputy had any such power.

It will be observed that this 10th section of the revenue law, which authorizes the appointment of deputies, and provides for their responsibility to the principal, distinctly declared that, "each such deputy shall have the like authority, in every respect, *to collect the duties and taxes levied or assessed within the portion of the district assigned to him,* which is by this act vested in the collector himself." A sale of stamps is a mode of collecting a tax. Section 52 provides, "that the commissioners of internal revenue shall cause to be prepared, *for the payment of the tax* aforesaid, suitable stamps denoting the amount of tax required to be paid on the hogshead, barrel, etc." These stamps are to be furnished to the collector, and to be sold *only* to brewers in his district. What right, then, has the deputy collector in Jackson, to collect a tax in Platte or Clay counties, by the sale of stamps to the owner of a brewery or distillery in one of these counties? The sale of the stamps is in fact a collection of the tax, and the distinction taken by the circuit court between assessments made in other counties than Jackson, and the sale of stamps to persons in other counties, is not satisfactory. The duty of the deputy is confined to the portion of the district assigned to him, and his securities are only responsible for his performance of such duties as the law imposes. The sale of a stamp to a brewer in

Platte county is a collection of a tax levied on a citizen of Platte county, and outside of the district entrusted to the deputy.

The judgment is reversed, and the cause remanded. Judges Wagner and Sherwood concur ; Judge Hough not sitting.