## HARDING *v.* WOODCOCK.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF TENNESSEE.

No. 29. Argued and submitted October 22, 1890. — Decided November 3, 1890.

The due and regular assessment of a distiller's tax by an internal revenue collector, properly certified, is a sufficient defence to the collector in an action on the case against him by the distiller to recover the value of property, seized and sold for the payment of the tax, upon the ground that, in a subsequent action by the United States against the distiller and the sureties on his bond, to recover the uncollected portion of the same tax, its assessment was adjudged to have been invalid: and this defence may be set up under the general issue without pleading it specially in justification.

THIS was an action against the collector of internal revenue of the fifth collection district of Tennessee, for an alleged wrongful seizure and sale of property of the plaintiff upon an assessment against him as a distiller of liquors, made by the

Commissioner of Internal Revenue. It was commenced in a state court of Tennessee, and upon application of the defendant was removed to the Circuit Court of the United States. The material facts as disclosed by the record were these: The plaintiff in 1881 and in 1882 owned and operated a distillery of liquors in the county of Robertson, Tennessee, and had executed the bond required by statute in such cases. In July, 1881, an assessment was made against him for taxes alleged to be due to the United States, amounting to $4339.37, for whiskey supposed to have been produced by him at his distillery. The plaintiff thereupon applied to the commissioner, in accordance with the statutes and the regulations of the Treasury Department, to reconsider the assessment, termed in the statute an appeal to him, but a reconsideration was refused. Upon the assessment the defendant, as collector, on the 3d of January, 1882, seized property belonging to the plaintiff consisting of 578 gallons of whiskey, and, on the 16th of that month, sold the same for $32. On the 2d of June, 1882, he seized other personal property of the plaintiff, and also levied upon the distillery premises containing ten acres, and soon afterwards sold both for $76.72. The price thus received was greatly below the actual value of the property. The plaintiff delivered the personal property and the distillery to the purchaser, with a deed of the latter premises.

In March, 1882, an action was brought by the United States against the distiller and the sureties on his bond to recover the taxes assessed, and in November, 1883, a verdict was rendered in their favor. The question in issue in the action was the validity of the taxes assessed. The verdict and the judgment thereon were produced and relied upon as establishing the invalidity of the assessment and the liability of the collector for the damage sustained by the plaintiff for the seizure and sale of his property. The first seizure and sale, as stated above, took place before the action was begun, and the second seizure and sale, though afterwards, were made before the trial in the action was had.

The declaration contained three counts. The first set forth substantially the facts as stated above, except the amount at

which the property seized was sold. It also averred that the plaintiff at the time protested against the seizure and sale in both cases, and that by them he was deprived of the use, control and ownership of his property, to his great damage. The second count was for a conversion of the property; and the third for trespass on the distillery premises. To the declaration, the defendant, in addition to the general issue of not guilty, filed several special pleas; among others, one of justification of the acts complained of, averring that they were done by him as collector in the enforcement of the assessment duly made and certified to him by the Commissioner of Internal Revenue, with a direction to collect the same by distraint. There was a replication to this plea, and a demurrer to the replication, which was finally disposed of by the court ordering the plea to be stricken out. The rulings upon the other special pleas do not require notice, as they were not material to the disposition of the question presented. The principal facts as disclosed by the pleadings were also established by the evidence on the trial, the plaintiff introducing the warrants issued to the collector for the seizure and sale of the property.

The court instructed the jury that the taxes for which the defendant, as collector, seized and sold the plaintiff's property having been assessed, and the assessment certified to him, the assessment was a complete protection to him against the suit of the plaintiff, and directed the jury to return a verdict in his favor, which was accordingly done, and judgment entered thereon. This instruction was excepted to, and constituted the alleged error for a reversal of the judgment.

*Mr. S. Watson* and *Mr. G. N. Tillman*, for plaintiff in error, submitted on their brief.

*Mr. Solicitor General* for defendant in error.

Mr. Justice Field, after stating the facts, delivered the opinion of the court.

The plaintiff contended in the court below, and renews the contention here, that the plea of justification interposed by

the defendant for the acts complained of, the seizure and sale of the property, having been stricken out, he is left defence-less in the action. That such would be the effect of the ruling if the declaration was one in form for an ordinary trespass may be conceded. But the rule that a justification to an alleged trespass, to avail, must be pleaded, does not apply here. The striking out of the plea did not remove the fact that the seizure and sale were made under proceedings which protected the officer of the government from personal liability, because in the declaration itself his liability is charged upon a state of facts which shows that he acted in conformity with the law, and could not, therefore, be held responsible for the alleged invasion of the rights of the plaintiff in its enforcement.

When the assessment was certified to the collector, his duty in enforcing it was one which he could not refuse to perform. There was no discretion vested in him to revise or alter it in any respect. His duty was purely ministerial. In *Erskine* v. *Hohnbach*, 14 Wall. 613, 616, which, like the present action, was brought against a collector of internal revenue for the seizure and sale of property of the plaintiff upon an assessment for taxes duly made by the assessor of the district, the court held that the assessment, certified to him (the collector), was his authority to proceed, and, like an execution to a sheriff, regular on its face, issued by a tribunal having jurisdiction of the subject matter, constituted his protection. At that time, 1871, officers, termed assessors, made the assessment for taxes due to the United States on distilled spirits in their several districts, (15 Stat. 133, c. 186, § 20,) but their office was abolished in 1873, and the power to assess for such taxes vested in the Commissioner of Internal Revenue. 17 Stat. 401, 402, c. 13, §§ 1, 2. In the case referred to the liability of a ministerial officer in the enforcement of process was the subject of consideration, and it was there held that whatever may, at one time, have been the conflict in the adjudged cases as to the extent of protection afforded to such officers, acting in obedience to process or orders issued to them by tribunals or officers invested by law with authority to pass upon and determine

particular facts and render judgment thereon, it was now well settled " that if the officer or tribunal possesses jurisdiction over the subject matter upon which judgment is passed, with power to issue an order or process for the enforcement of such judgment, and the order or process issued thereon to the ministerial officer is regular on its face, showing no departure from the law, or defect of jurisdiction over the person or property affected, then, and in such cases, the order or process will give full and entire protection to the ministerial officer, in its regular enforcement against any prosecution the party aggrieved may institute against him, although serious errors may have been committed by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued." This doctrine was deemed applicable to collectors of internal revenue in enforcing an assessment for taxes regular on its face, made by the assessors of the district and duly certified to them.

The same doctrine was reasserted in protection of a collector of internal revenue in the subsequent case of *Haffin* v. *Mason*, 15 Wall. 671, 675, the court observing that " a ministerial officer, in a case in which it is his duty to act, cannot upon any principle of law be made a trespasser."

No question is raised as to the regularity in form of the assessment certified to the collector. It is assumed on both sides that it is not open to objection in that respect. The principal point urged by the plaintiff in error is that the defendant should not have proceeded to enforce the assessment after the action by the United States was commenced on the bond of the distiller to collect the same taxes. But it is plain that the officer had no discretion in the matter. He could not suspend or in any way delay the performance of the duty imposed upon him because the government may have judged it proper to proceed for the same taxes by action, not only against the distiller, but against the sureties on his bond also. The government may have thought that the property which could be reached by the collector would prove inadequate to meet the amount claimed. By instituting the action it did not waive its right to pursue any other remedies afforded by the law to

secure the payment of its claim.   Nor could the collector con-
sider whether in the pending action it might not be ultimately
determined that the taxes were illegal which he was endeav-
oring to collect.   He had completed his duty more than a year
before that decision was rendered.   Had the judgment of their
illegality been pronounced before the enforcement of the assess-
ment by the collector, and been brought to his notice, a differ-
ent question might possibly be raised.

What remedy the plaintiff may have for the loss of his
property or for the amount of the proceeds obtained on its
sale, we are not called upon to determine in this case.   There
may be, perhaps, a claim against the government.   All that
we decide is, that a liability cannot be fastened upon the col-
lector, a ministerial officer, for the enforcement of an assess-
ment for taxes regular on its face, made by the Commissioner
of Internal Revenue.   Of such an officer the law exacts unhesi-
tating obedience to its process.

*Judgment affirmed.*