## VIOLETTE v. WALSH, Collector of Internal Revenue.

(District Court, D. Montana. February 11, 1921.)

No. 183.

1. Internal revenue ⬳2—Statutes taxing distilled spirits for beverage purposes repealed or rendered obsolete by constitutional amendment.

Const. Amend. 18, rendered obsolete or repealed all earlier laws that applied to, sanctioned, and taxed distilled spirits for beverage purposes.

2. Internal revenue ⬳2—No implied repeal by National Prohibition Act.

As the National Prohibition Act expressly repealed all inconsistent existing laws, and provided that it was but an addition to all other existing laws, there is no implied repeal.

3. Internal revenue ⬳2—Statute imposing tax on manufacture of distilled spirits is still in force.

Rev. St. § 3251 (Comp. St. § 5985), imposing a tax on manufacturers of distilled spirits, is not inconsistent with the National Prohibition Act, and is still in force, as the manufacture of distilled spirits regardless of their purpose is not unlawful.

4. Internal revenue ⬳12—That distilled spirits are for beverage purposes does not defeat tax on manufacture.

That the manufacture of distilled spirits is in violation of regulations and for beverage purposes, which the National Prohibition Act forbids, does not avoid the tax imposed by Rev. St. § 3251 (Comp. St. § 5985), as defendant cannot plead his own wrong, and will not be heard to say that he was manufacturing the liquor for beverage purposes.

5. Internal revenue ⬳12—That manufacturer of distilled spirits is under indictment does not avoid tax.

That one against whom a tax has been imposed under Rev. St. § 3251 (Comp. St. § 5985), as a manufacturer of distilled spirits is under indictment for the illicit manufacture of such spirits and may be acquitted, does not relieve him of liability to the tax, nor would his acquittal do so

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Internal revenue ⟳⟳28—Collection of tax not enjoined, even though statute authorizing it has been repealed.**

Under Rev. St. § 3224 (Comp. St. § 5947), prohibiting suits to restrain the collection of any tax, the collection of a tax assessed on the manufacture of distilled spirits under section 3251 (section 5985) will not be enjoined, even if such statute is repealed by the National Prohibition Act, where the collector of internal revenue holds otherwise, and is pursuing his general jurisdiction to determine taxable persons, and the character and amount of the tax, and the manufacturer has only his remedy by payment, appeal, suit for refund, etc.

In Equity. Suit by Fred P. Violette against James A. Walsh, as Collector of Internal Revenue. Motion to dismiss granted.

D. J. Heyfron and Russell, Madeen & Barron, all of Missoula, Mont., for plaintiff.

Geo. F. Shelton, U. S. Atty., of Butte, Mont., for defendant.

BOURQUIN, District Judge. Plaintiff seeks to enjoin collection by distraint of taxes and penalties assessed, pursuant to section 35, National Prohibition Act (41 Stat. 305), upon him as a manufacturer of distilled spirits, intoxicating liquors. Amongst other things he alleges he is not such manufacturer, that he is under indictment for illicit manufacture, and that the assessment and collection are illegal and a grievous hardship.

[1, 2] Upon defendant's motion to dismiss, plaintiff, to avoid section 3224, R. S. (section 5947, Comp. Stats.), which provides that no suit to restrain assessment or collection "of any tax shall be maintained in any court," contends that the National Prohibition Act repeals all earlier laws imposing taxes on manufacture of distilled spirits; that section 35 does not provide for taxes, but for penalties as punishment, collectible only by civil action; and that in consequence defendant is proceeding without jurisdiction and in mere illegal aggression. The premises are unsound. As pointed out in Sohm's Case (D. C.) 265 Fed. 910, the Eighteenth Amendment rendered obsolete or repealed all earlier law that applied to, sanctioned, and taxed distilled spirits for beverage purposes, and the National Prohibition Act expressly (1) repealed all inconsistent existing law, and (2) provided that the act is but an addition to all other existing law. This renders inapplicable all rules of implied repeal, as that the act is a complete system, furnishes the only rule, etc.

[3, 4] Of the earlier law, at least section 3251, R. S. (section 5985, Comp. Stats.), imposes a tax on the manufacturer of distilled spirits, regardless of their purpose. To manufacture such spirits is yet lawful. The tax, not being inconsistent with the act, is law to-day, which by virtue of section 35 it is the duty of defendant to execute. The tax is on the mere manufacture, which the law does not forbid. That the manufacture is in violation of regulations and for beverage purposes, which the law does forbid, does not avoid the tax.

[5] The tax is on a lawful occupation, and is none the less legal because the occupation is pursued by unlawful means to unlawful ends. A defendant will not be heard to say he was manufacturing for beverage purposes. It is no defense to one crime that defendant intended

or committed another. As well might an auto owner resist his license tax because he devoted his car exclusively to unlawful whisky running. A defendant cannot plead his own wrong to excuse another charged. That plaintiff is indicted for illicit manufacture and may be acquitted is not material. The indictment does not absolve defendant of his duty to collect (see Harding v. Woodcock, 137 U. S. 47, 11 Sup. Ct. 6, 34 L. Ed. 580), and an acquittal would not relieve plaintiff of his obligation to pay; for the taxes are not penalties, fines, or forfeitures, in the sense understood in criminal law.

[6] But, even if the earlier law is repealed, since the defendant holds otherwise and is pursuing his general jurisdiction over the subject-matter, to determine occupation, taxable persons, character, and amount of the tax, since his assessment is of the color of a tax, and he claims it is valid, section 3224 forbids that he be restrained, even as it does if the law be unconstitutional. The reasons are obvious and need not be detailed. See Dodge v. Osborn, 240 U. S. 121, 36 Sup. Ct. 275, 60 L. Ed. 557; Snyder v. Marks, 109 U. S. 193, 3 Sup. Ct. 157, 27 L. Ed. 901.

The only remedy plaintiff has, if he be not subject to the tax, is that provided by law, viz. payment, appeal, suit for refund, and perhaps against defendant individually if he acts illegally and in bad faith. Pacific, etc., Co. v. U. S., 187 U. S. 453, 23 Sup. Ct. 154, 47 L. Ed. 253. But for the time being defendant determines the law as well as the fact. Whether or not section 3224 also applies to penalties illegally claimed, whether or not in the instant case the penalties are part of the tax, is not for determination herein, but only in a case wherein the tax has been at least tendered. See Kausch v. Moore (D. C.) 268 Fed. 673.

The motion to dismiss is granted.