## POWELL v. ROTHENSIES.

### No. 10144.

United States Court of Appeals
Third Circuit.

Argued May 23, 1950.

Decided July 31, 1950.

Deane Ramey, New York City, Frank Slattery, Jr., Wilkes-Barre, Pa. (Ramey and McKelvey, New York City, Frank McGuigan, Wilkes-Barre, Pa., on the brief), for appellant.

Frederic G. Rita, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Special Assistant to Attorney General, Arthur A. Maguire, United States Attorney, Scranton, Pa., on the brief), for appellee.

Before MARIS, WOODBURY and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

In this action the plaintiff seeks to recover damages from the defendant, a former Collector of Internal Revenue, for the alleged illegal seizure and sale by him of certain of her property. It appears that the property was seized and sold under an allegedly invalid warrant for distraint and that the proceeds were applied to the payment of manufacturer's excise taxes alleged to be owing by the plaintiff to the United States. It further appears that in a prior suit against the defendant the plaintiff recovered back the amount of the taxes thus paid, it being determined by the court that the plaintiff was not a taxable manufacturer and, therefore, that the taxes had been illegally assessed and collected. The court in that suit, however, certified that there was probable and reasonable cause

for the act of the defendant in demanding and collecting the tax. The judgment obtained by the plaintiff was accordingly paid by the United States pursuant to Section 989 of the Revised Statutes.[1] At the trial of the present case the trial judge directed the parties preliminarily to confine their evidence to the question of liability. At the conclusion of the evidence offered upon this question he directed a verdict for the defendant. The appeal now before us was taken by the plaintiff from the judgment entered on that verdict. The judgment must be affirmed.

The theory of the plaintiff's case is that the defendant levied upon, seized and sold her property for the collection of an alleged tax which had not actually been assessed against her by the Commissioner of Internal Revenue and that in so doing the defendant acted wholly outside the scope of his duties and without authority of law, and is, therefore, liable to her for the damages she sustained by reason of his act.

The difficulty with the plaintiff's theory is that the evidence does not support it. On the contrary the evidence offered by the plaintiff herself conclusively establishes that at the time of the levy and seizure in question there were outstanding in the hands of the defendant two unpaid assessments against the plaintiff for manufacturer's excise taxes and that the warrant for distraint under which the levy and seizure were made was expressly based upon these two outstanding unpaid assessments, which with interest and penalty then amounted to $4,718.44. Under these circumstances it was within the scope of the defendant's ministerial duty to make the levy and collection here in controversy and he cannot be held answerable in damages for so doing.[2] The trial judge, therefore, rightly directed a verdict for the defendant.

The judgment of the district court will be affirmed.

1. Now incorporated in 28 U.S.C.A. § 2006.

2. Erskine v. Hohnbach, 1871, 14 Wall. 613, 81 U.S. 613, 616–617, 20 L.Ed. 745; Haffin v. Mason, 1872, 15 Wall. 671, 82 U.S. 671, 21 L.Ed. 196; Harding v. Woodcock, 1890, 137 U.S. 43, 11 S.Ct. 6, 34 L.Ed. 580; Moore Ice Cream Co. v. Rose, 1933, 289 U.S. 373, 381–383, 53 S.Ct. 620, 77 L.Ed. 1265; Cooper v. O'Connor, 1938, 69 App.D.C. 100, 99 F. 2d 135, 118 A.L.R. 1440.