HERWIG v. CRENSHAW, Collector of Internal Revenue et al.

No. 6231.

United States Court of Appeals. Fourth Circuit.

Argued April 13, 1951.

Decided April 26, 1951.

---

* Sixth Circuit, sitting by special designation.

L. J. H. Herwig, pro se.

Carolyn R. Just, Special Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Special Asst. to the Atty. Gen. and George R. Humrickhouse, U. S. Atty., Richmond, Va., on brief), for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a suit by a taxpayer against a deputy collector of internal revenue. The suit originated with a motion in the District Court to enjoin the collection of federal revenue taxes in the sum of $395. Upon denial of this motion, an amended complaint was filed asking damages against the defendant on the ground that he had acted wrongfully and maliciously in collecting the taxes. The trial court entered summary judgment for defendant dismissing the suit upon the pleadings and affidavits filed, and subsequently denied a motion by plaintiff to vacate the judgment and allow recovery of taxes theretofore collected. The basis of the relief asked by plaintiff is that a portion of the income upon which taxes were assessed is retired army pay not subject to tax.

We think plaintiff's case is entirely without merit. The tax assessed against him was the tax shown by him to be due in his tax return; and, in collecting it, the deputy collector was acting in the line of his duty. It is true that, in his return, taxpayer showed a portion of his income as retired army pay not subject to income tax; but he included the amount thereof along with other items in computing the amount of income subject to tax, and it was certainly not within the province of the deputy collector to pass upon the question as to the taxability of retired army pay and recompute the tax on the basis of his conclusion. The injunction to restrain the collection of the tax was properly denied, as injunction was not a proper remedy even if taxpayer had merit in his contention. 26 U.S.C.A. § 3653; Harvey v. Early, 4 Cir., 160 F.2d 836. And suit could not be maintained for recovery of the tax after it had been paid because administrative remedies had not been exhausted. 26 U.S.C.A. § 3772; Harvey v. Early, supra. And the deputy collector was clearly not liable to taxpayer for acts done within the scope of his ministerial duties in attempting to collect the tax. Powell v. Rothensies, 3 Cir., 183 F.2d 774; Papagianakis v. The S. S. Samos, 4 Cir., 186 F.2d 257.

Affirmed.