## SIDBURY v. GILL.

### Civ. No. 446.

United States District Court

E. D. North Carolina, Wilmington Division.

Feb. 1, 1952.

484

Rodgers & Rodgers, Wilmington, N. C., for plaintiff.

Logan D. Howell, Asst. U. S. Atty., Raleigh, N. C., for defendant.

GILLIAM, District Judge.

This is an action arising upon the petition of a taxpayer, resident of the Eastern District of North Carolina, against the Collector of Internal Revenue, resident of the Middle District of North Carolina; and the remedy sought is a decree removing certain tax liens now recorded against properties of the petitioner, which liens were filed by the respondent, and further asking a money judgment as damages which were alleged to have grown out of the cloud on title created by the tax liens.

The respondent, through the United States Attorney, entered a timely motion to dismiss upon the following grounds: 1. The complaint fails to state a claim upon which any relief can be granted; 2. The respondent is not the proper party to be sued because he has no right, title or interest in the federal tax liens in question; 3. The Court lacks jurisdiction over the subject-matter in the absence of the United States as defendant; 4. Improper venue.

It is the opinion of the Court that the respondent's motion to dismiss is meritorious in every respect, and the petition must therefore be dismissed.

█ The complaint fails to state a claim upon which any relief can be granted. The liens in question were not fraudulently issued as alleged. The liens arose upon petitioner's property in favor of the United States commencing with the date the assessment lists were received in the Collector's office, when petitioner failed to pay the taxes upon demand. Internal Revenue Code as amended, Sections 3670 and 3671, 26 U.S.C.A. §§ 3670, 3671. The petitioner does not allege that demand was never made for the taxes.

██ However, assuming that the liens were fraudulently issued, even so, the petition fails to state a claim for relief inasmuch as the suit is brought against the Collector of Internal Revenue. A Collector of Internal Revenue is a ministerial officer who is required by specific Acts of Congress to make demand for payment of all taxes shown on assessment lists certified to him by the Commissioner, to collect such taxes where practicable, and to remit such moneys to the Treasury. Internal Revenue Code Sections 3651(a), 3670, 3950 (a)(1), and 3971, 26 U.S.C.A. §§ 3651(a), 3670, 3950(a)(1), 3971. And such a ministerial officer of the Government may not be held liable in a suit by any individual for damages because of acts done in the discharge of official duty. He bears an immunity. Erskine v. Hohnbach, 14 Wall. 613, 20 L.Ed. 745; Haffin v. Mason, 15 Wall. 671, 675, 21 L.Ed. 196; Powell v. Rothensies, 3 Cir., 183 F.2d 774; Papagianakis v. The Samos, 4 Cir., 186 F.2d 257; Herwig v. Crenshaw, 4 Cir., 188 F.2d 572.

█ The principle of this immunity is twofold. First, the interests of the people require that due protection be accorded to public officers in respect of their official

acts; and such public officers should not be under a constant apprehension that their official acts may become the subject of inquiry in a civil suit for damages. Such apprehension would seriously cripple the proper and effective administration of public affairs. Second, the functions of a public officer are exercised for the Government itself and not for the individual citizen. And a failure to perform such functions or an erroneous performance is regarded as an injury to the Government or general public, and not an injury to an individual. Hence, such injury is redressed in some form of public prosecution, and not by a private person who conceives himself specially injured. Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 637, 40 L.Ed. 780; Yaselli v. Goff, 2 Cir., 12 F.2d 396, 403, 56 A.L.R. 239, affirmed per curiam 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395.

In an action seeking to force the removal of tax liens filed by the Collector of Internal Revenue, the Collector is not the proper person to be sued. The Collector has no proprietary interest in the disputed tax liens which is susceptible of divestment by any decree of this Court; and having no interest in such liens, he is without power to act in their disposition. The disputed tax liens upon petitioner's property, like all federal tax liens, are exclusively the property of the United States. Hence, the United States is a necessary and indispensable party to any proceeding by a taxpayer to remove federal tax liens as a cloud upon the title to his property; and this Court may not act without the United States being named as defendant. Czieslik v. Burnet, D.C.E.D.N.Y.1932, 57 F.2d 715; Stafford Mills v. White, D.C.Mass., 1930, 41 F.2d 58; Maryland Casualty Co. v. Charleston Lead Works, D.C.E.D.S.C., 1928, 24 F.2d 836.

Finally, the petition must be dismissed for reason of improper venue. The petition is not maintainable in the Eastern District against a Collector who resides in the Middle District of North Carolina. A Collector of Internal Revenue, for purposes of venue, is similar to any other defendant and cannot be sued except in the judicial district in which he resides. In order to be sued in any other district he must first waive the venue, Atkins v. Bender, D.C.W. D.La., 18 F.2d 357, but there has been no such waiver here. Title 28 U.S.Code § 1391 (b).

An appropriate order will be entered.