CHARLES SUPE v. JOHN C. FRANCIS AND GREGORY FRANCIS.

*Fraudulent debtor's act—Affidavit for arrest.*

Affidavits for the arrest of defendant as a fraudulent debtor have a legal tendency to support the warrant therefor if they show that he is indebted to the plaintiff in a specified sum and that affiant has reason to believe and does believe that he has disposed of his property with intent to defraud his creditors, and farther shows that he has executed a bill of sale of all his goods with the avowed purpose of preventing a creditor from enforcing his claim against him, and received no consideration for the transfer.

If the affidavits for the arrest of a fraudulent debtor legally tend to establish statutory ground for the warrant, the proceedings are not void even though the officer issuing it may have erred in holding the evidence to be sufficient.

A question not raised by the assignments of error will not be considered.

The sufficiency of evidence to sustain a warrant for the arrest of a fraudulent debtor is not open to investigation in reviewing an action on the bond given by the person arrested, if it had any legal tendency to establish the case.

Error to Bay.    Submitted Oct. 5.    Decided Oct. 18.

DEBT on bond.    Defendants appeal.    Affirmed.

*A. McDonell* for appellants, as to the insufficiency of the affidavits cited *Johnson v. Maxon* 23 Mich. 138; *Badger v. Reade* 39 Mich. 771; *Proctor v. Prout,* 17 Mich. 473; *Brown v. Kelley* 20 Mich. 27; an affidavit for attachment must state that the debt is due and payable: *Cross v. McMaken* 17 Mich. 514.

*Shepard, Lyon & Clarke* for appellee.    Where an affidavit in proceedings under the fraudulent debtor's act states such matters as the statute requires to entitle the plaintiff to a warrant for the debtor's arrest, the Supreme Court will not pass on the form or force of the averments so long as they tend to establish the ground: *Willison v. Desenberg* 41 Mich. 156; the failure to state positively in the affidavit

that the demand therein mentioned was the one the action therein referred to was commenced to recover is only an irregularity and will not render the fraudulent debtor proceedings absolutely void : *Jenness v. Lapeer Circuit Judge* 42 Mich. 469 ; and the person arrested is bound by the recitals in his bond, and estopped from taking any advantage of defects in the affidavit : *Trimble v. State* 4 Blackf. 435 ; *Love v. Kidwell* 4 Blackf. 553 ; *Edwards v. State* 22 Ark. 303 ; *Augusta Bank v. Hamblet* 35 Me. 491 ; *Shroyer v. Richmond* 16 Ohio St. 455 ; *Fletcher v. Jackson* 23 Vt. 581 ; *Hoke v. Hoke* 3 W. Va. 561 ; *Rosenbery v. McKain* 3 Rich. (S. C.) 145 ; *Goeble v. Stevenson* 35 Mich. 173.

GRAVES, C. J.  This action was brought upon a bond made by the first defendant as principal and the second defendant as surety to the plaintiff, Supe, under the third subdivision of section 10 of chapter 141 of the Revised Statutes of 1846 for the punishment of fraudulent debtors. 2 Comp. L. ch. 230.*

The plaintiff gave in evidence the bond and all the proceedings had before the commissioner under said chapter, and the circuit judge directed a verdict for the plaintiff.

The defendants claim that the showing on which the arrest was made and which was the foundation of the subsequent proceedings, including the bond in question, was not valid.  The position is that the affidavits were destitute of facts and circumstances and that there was nothing on which the judgment of the commissioner could act in order to find that any ground for arrest existed under the statute. Hence, it is said the entire proceeding was void.  *Swart v. Kimball* 43 Mich. 443 ; *Badger v. Reade* 39 Mich. 771 ; *De Long v. Briggs* 47 Mich. 624 ; *Mosher v. People* 5 Barb.

---

*Comp. L. § 7183.  Sec. 10.  Such commitment shall not be granted, if the defendant shall  *  .* *Third.* Enter into a bond to the complainant in a penalty not less than twice the amount of the debt or demand claimed, with such surety or sureties as shall be approved by such officer, conditioned that such defendant will, within thirty days thereafter, apply for an assignment of all his property, and for a discharge, as provided in the one hundred and forty-third chapter of these Revised Statutes, and diligently prosecute the same until he obtains such discharge.

575; *Cadwell v. Colgate* 7 Barb. 253; *Vredenburgh v. Hendricks* 17 Barb. 179; *Broadhead v. McConnell* 3 Barb. 175. We might perhaps agree to this conclusion if we entertained the same view of the affidavits on which the commissioner issued his warrant. But we do not. They appear below† and they seem to us to have exhibited for the con-

---

†*State of Michigan, County of Bay.* Charles Supe, being duly sworn, deposes and says that John C. Francis, of Bay City, Bay county, Michigan, is justly indebted to him in the sum $1856.56 upon an account for goods, wares and merchandise sold and delivered by the said Charles Supe to the said John C. Francis, at his request, for which demand the said John C. Francis cannot be arrested or imprisoned, according to the provisions of chapter 141 of the Revised Statutes of this State.

And this deponent further says that on the 13th day of December, A. D. 1880, he commenced a suit in *assumpsit* and by attachment, against the said John C. Francis in the circuit court for the county of Bay.

And this deponent further says that he has reason to believe, and does believe, that the said John C. Francis has disposed of and assigned the whole of his property with the intent to defraud his creditors, and that the said John C. Francis has property and rights in action which he conceals, and that the facts and circumstances constituting the grounds of his said belief are the following: The said John C. Francis has been for one year and upwards prior to the commencement of deponent's said suit against him, engaged in the grocery business at Bay City, Michigan, and at the time said suit was commenced had a stock of goods which would inventory at about $2600; that on or about the 11th day of December, A. D. 1880, the said John C. Francis executed a bill of sale of all the goods, chattels and merchandise, comprising his said stock of groceries, to one Casper Van Strattum, who paid nothing in consideration for the transfer to him of said property, and that the said bill of sale of said stock was made by said Francis without any consideration, and with the avowed purpose of delaying and preventing the creditors of said Francis from enforcing the collection of their debts against him, and that the said Francis afterwards stated to deponent that he made the aforesaid pretended sale of said stock to said Van Strattum for the purpose of preventing one firm of his creditors from enforcing the collection of their claim against him.

Deponent further says that said Francis was, at the time of the commencement of this suit against him, the owner of an interest in two certain vessels sailing on the lakes,—one called the George King, a steamboat, and the other the barge C. L. Young,—and that on or about the 20th day of December, A. D. 1880, and after the commencement of said suit by deponent against him, he assigned and transferred all his interest in and to said vessels to one Anthony Francis, an uncle of said John C. Francis, for the sole purpose, as deponent is informed and believes, of preventing deponent and his other creditors from collecting therefrom their indebtedness due to them, and that said Francis, in conversation with deponent, stated to deponent that the said transfer was made by him without consideration. This deponent further says he is unable to learn of or find any other property, real or personal, belonging to said Francis, except as hereinafter mentioned, out of which to collect the amount of said indebtedness so due to deponent.

Deponent further says that the defendant Francis is indebted to a

sideration of the commissioner a state of facts which had a legal tendency to make out a case in all its parts under the

---

number of other persons, which indebtedness was due at the time said transfers were made, and still remains unpaid.

That said Francis has books of accounts on which are charges against divers persons contracted by them in his said business, the names of whom and the amounts of which indebtedness are unknown to deponent, and said Francis, although requested by deponent, utterly refuses to show said books to deponent, or to state to deponent the amount of any such indebtedness, or from whom due, and effectually conceals all knowledge thereof from deponent.

And further deponent saith not.

Subscribed and sworn to before me this 11th day of January, A. D. 1881.

[Signed]                                    J. A. McKnight,
                           Notary Public in and for Bay Co., Mich.

[Signed]     Charles Supe.

*State of Michigan, County of Bay.*

Casper Van Strattum, being duly sworn, says he is 21 years of age and a resident of Bay City, in said county, and that he is the person to whom the bill of sale of the stock of goods, wares and merchandise was made by John C. Francis on or about the 11th day of December, A. D. 1880. This deponent says that the bill of sale was without consideration, and was made to him by the said Francis to prevent creditors of said Francis from collecting their various claims, or any part thereof, out of the said goods and property; that said Francis was indebted to a number of persons; and that when said Francis induced deponent to let him make a bill of sale to deponent, said Francis claimed that it was to prevent Gustin, Merrill & Co., to whom he was indebted, from collecting their said indebtedness; and deponent further says that he paid nothing and did nothing for said bill of sale and transfer.

Deponent further says that on or about the 24th day of December, A. D. 1880, the said Francis came to the residence of deponent in said city, and in conversation with deponent informed him that he had now disposed of his interest in his vessel property, and was all right now; that they could not do anything now. He informed deponent that he had been gone from the city for the purpose of fixing his vessel matters.

Deponent further says that on the 10th day of January, A. D. 1881, said Francis called at the residence of this deponent, and asked him if he had told Mr. Supe, or any one, of what he told deponent; and deponent informed him that Mr. Supe had asked deponent about the matters, and that deponent had told him of them; and thereupon said Francis told deponent that he thought deponent could have kept still about the matter.

Deponent does not know of any other property owned or possessed by said Francis; and further deponent says not.

Subscribed and sworn to before me this 11th day of January, A. D. 1881.

[Signed]                                    J. A. McKnight,
                           Notary Public in and for Bay Co., Mich.

[Signed]     Casper Van Strattum.

*third* subdivision of section four.‡   *Johnson v. Maxon* 23
Mich. 128.

Whether they were as cogent as they ought to have been
is not a subject for present investigation.   As the materials
were sufficient to invest the commissioner with the power to
decide in favor of issuing the warrant the proceedings were
not void even though he may have erred in holding that the
evidence was adequate.

The further point is suggested but not pressed that the
debtor's discharge having been successfully opposed by the
plaintiff and other creditors the principle applies which
saves an obligation in case the condition becomes impossible
by the act of God.

It is unnecessary to go into the objections to this view be-
cause the question is not raised by the assignment of error.

No error being shown the judgment should be affirmed
with costs.

The other Justices concurred.

---

‡Comp. Laws, § 7177.   Sec. 4.   No such warrant shall issue unless
satisfactory evidence shall be adduced to such officer, by the affidavit of
the plaintiff, or of some other person or persons, that there is a debt or
demand due to the plaintiff from the defendant, and specifying the
nature and amount thereof as near as may be, for which the defendant,
according to the provisions of this chapter, cannot be arrested or impris-
oned, and establishing one or more of the following particulars:   *   *
*Third.* That he has assigned, removed or disposed of, or is about to
dispose of any of his property, with the intent to defraud his creditor or
creditors.