WILLIAM W. WHEATON v. JOSEPH P. WHITTEMORE AND LUTHER BEECHER.

*Damages for suing out a criminal warrant.*

It *seems* that the discretionary act of denying a writ of mandamus to compel a sheriff to execute a criminal warrant, does not necessarily determine the invalidity of the warrant.

An officer to whom a criminal warrant is delivered for service is not bound to look behind it, if regular on its face and issued from a proper jurisdiction ; and if he executes it he cannot be held liable in a civil action for damages, though it be invalid.

A civil action for damages for trespass to the person will not lie against one who has made a criminal complaint, or against his attorney, in a case where the warrant issued thereon is sufficiently regular on its face to protect the officer who executes it.

Error to the Superior Court of Detroit. Submitted June 15. Decided October 31.

CASE for false imprisonment. Defendants bring error. Reversed.

*John Atkinson* and *Henry M. Cheever* for appellants. An officer is protected in executing a warrant, and so is the person making the complaint on which it is issued, when it is good on its face and the jurisdiction to issue it depends on facts on which a court having general jurisdiction of the particular class of cases decides that it has authority to act : Cooley on Torts 172, 468 ; *West v. Smallwood* 3 M. & W. 418 ; *Brittain v. Kinnaird* 1 B. & B. 432 ; *Mather v. Hood* 8 Johns. 44 ; *Mackaboy v. Com.* 2 Virg. Cas. 268 ; *Clarke v. May* 2 Gray 410 ; *State v. Scott* 1 Bailey 294 ; *Wall v. Trumbull* 16 Mich. 228 ; *Sheldon v. Wright* 5 N. Y. 497 ; Freeman on Judgments, § 523.

*Griffin & Dickinson, C. J. Reilly* and *William P. Wells* for appellee. An arrest may be accomplished without manual touching or actual physical custody, especially by submission of the person arrested : *Russen v. Lucas* 1 C. & P. 153 ; *Gold v. Bissell* 1 Wend. 210 ; *Mowry v. Chase* 100 Mass. 79 ; *Hawk v. Ridgway* 33 Ill. 473 ; *Brushaber v. Stegemann* 22 Mich. 267 ; *Josselyn v. McAllister* 25 Mich. 45 ; if the person arrested is under restraint and the officer shows an intention to arrest him it is not necessary that there should be actual contact : *Grainger v. Hill* 4 Bing. N. C. 222 ; *Russen v. Lucas* 1 C. & P. 153 ; *U. S. v. Benner* 1 Baldw. 239 ; *Pike v. Hanson* 9 N. H.

491; *Emery v. Chesley* 18 N. H. 202; *Jones v. Jones* 13 Ired. N. C. L. 448 : 1 Jones N. C. L. 491; *Journey v. Sharpe* 4 Jones N. C. L. 165 ; the various defects which invalidate process are set forth in *State v. Weed* 21 N. H. 268 ; *Rex v. Hood* 1 Moo. C. C. 281; *Housin v. Barrow* 6 Term 122; *Rafferty v. People* 69 Ill. 111: 72 Ill. 37: 18 Am. Rep. 601; *Blythe v. Tompkins* 2 Abb. Pr. 468 ; a seal is necessary to a warrant for arrest or imprisonment: 1 Hale P. C. 477, 479 : 2 id. 111 : 4 Bl. Com. 290 ; *The Dean and Chapter of Windsor v. Gover* 2 Saund. 305 n. 13 ; *State v. Worley* 11 Ired. 242 ; *Welch v. Scott* 5 Ired. 72 ; *State v. Curtis* 1 Hayw. (N. C.) 471; *Tackett v. State* 3 Yerg. (Tenn.) 392 ; *Bell v. Farnsworth* 11 Humph. 609 ; *State v. Drake* 36 Me. 366 ; *Lough v. Millard* 2 R. I. 436 ; contemporaneous acts showing malice or the contrary, and facts in aggravation may be considered in cases of tort : *Druse v. Wheeler* 22 Mich. 444 ; *Welch v. Ware* 32 Mich. 85 ; *Parsons v. Harper* 16 Grat. 64.

MARSTON, J.   I do not understand that the material questions raised in this case were disposed of in *Beecher v. Anderson* 45 Mich. 543.

In that case a discretionary writ was asked for and refused, under all the circumstances then appearing.   In the present case very different considerations are presented.

An officer to whom a criminal warrant is delivered by a magistrate may be indicted for refusing to serve or return the same.   1 Bish. Crim. Law § 350.   If no cause or an insufficient cause appear therein and the person accused resists and kills the officer, then, according to the extent of the authority of the officer his death may be murder, manslaughter or perhaps justifiable homicide.   *Hoye v. Bush* 1 Man. & G. 775, cited in *Drennan v. People* 10 Mich. 183.

The officer is not bound to look behind a regular warrant coming from a proper jurisdiction.

In many cases it must be exceedingly difficult for the officer or his advisers to determine whether a warrant is or is not defective upon its face, and in view of the peculiar position in which the officer is placed, in all such cases he can-

not be held liable in a civil action for damages, for making the arrest.

Where a criminal warrant is issued by a magistrate in a case where he has no authority to issue process of that nature, ordinarily no question could arise, but where jurisdiction is given him over the subject-matter, his warrant "reciting the substance of the accusation" will not always show upon its face whether the magistrate did or did not have the necessary jurisdictional facts before him. And the officer is not required for his protection to inquire into the facts back of his warrant. Cooley on Torts, 460 *et seq.*

In case the officer is protected, the party making the complaint and his attorneys are also protected against an action in the present form.

Applying what has been said to the present case, will preclude a recovery. The warrant would have been a sufficient protection to the officer and parties for any arrest made thereunder, even although a court of competent jurisdiction might in a direct proceeding have held it invalid.

I am of opinion therefore that the judgment should be reversed with costs and a new trial ordered.

Cooley and Campbell, JJ. concurred.

Graves, C. J. As I am not able to assent to the judgment to be entered in this case I proceed to state my own views. The action was brought by Wheaton against Beecher and Whittemore for trespass to the person. The jury returned a verdict in Wheaton's favor, and the defendants ask a reversal on writ of error and bill of exceptions.

The exact injury complained of was an unlawful arrest. Proceedings were taken before a justice of the peace in Marquette county for Wheaton's apprehension to be examined on an accusation for perjury, and his case is, that the justice issued a warrant on which he was taken at Detroit by a Marquette officer; that the warrant was void on its face and that its issue for the purpose of being served on him was due to unwarrantable steps and solicitations of the defendants.

*First.* It is contended that no arrest was proved. There was evidence for the jury and the question was submitted in accordance with what is laid down in *Brushaber v. Stegeman* 22 Mich. 266, and *Josselyn v. McAllister* 25 Mich. 45, and the finding cannot be revised. Moreover it is not apparent that all the evidence on the subject is returned, and it is a reasonable supposition of law that there was sufficient to justify the proceeding.

*Second.* A further position is that conceding it to be true that an arrest was indeed consummated, yet the defendants did not cause it. There was no evidence, it is said, that Mr. Beecher had any connection whatever with it. Here again the record does not support the objection. We are not advised that the case contains all that was shown on the subject. Whittemore, testifying in another case, had stated that he procured the warrant and in so doing acted as Beecher's counsel, and this statement was offered in evidence by the plaintiff. The defendants objected that it was not admissible because—*first,* it was privileged; and *second,* because the trespass was charged as the joint trespass of both defendants. The court overruled the objection and the testimony was admitted. The exception to the ruling must be confined to the grounds of the objection. *Hollister v. Brown* 19 Mich. 163; *Marston v. Gould* 69 N. Y. 220; *Berks & Dauphin Turnpike Co. v. Myers* 6 S. & R. 12; *Chicago etc. R. R. Co. v. Morgan* 69 Ill. 492; *Evanston v. Gunn* 99 U. S. 660.

The defendants saw fit to resist the admission of the evidence on these two grounds and to abstain from setting up any other. No other points were presented to the court and no others were decided. As to everything else there was no objection. The first ground being that of privilege, is not at this stage insisted on by defendants. Nothing is said here in regard to it. There will be occasion to refer to it further on. The second ground is not tenable. The fact that the trespass was laid as a joint trespass was no reason for excluding an admission made by Whittemore alone. What he had admitted while testifying in another case was

lawful evidence against himself.  The question whether the jury might use it finally to implicate Beecher was entirely distinct and was one to be disposed of by an instruction to the jury.  The trial judge went into the subject in his charge and the case is very clear that he submitted the admission as evidence which might be considered for the purpose of connecting Beecher with the trespass.  But the accuracy of the charge in this particular is not questioned in the record. The circumstance that this admission or declaration of Whittemore was of a *past* transaction was not relied on as an objection and so was not mentioned.  Whether the jury should use it to fix Beecher was wholly left to the judgment of the court.  The subject was not mooted by any request to charge, and the instruction which was actually given upon it was not excepted to.  It must hence be admitted for the purpose of this review, that the jury were entitled to use Whittemore's admission to connect Beecher with the trespass.

*Third.* It is said that the warrant was a valid process and therefore a complete protection.  The sufficiency of the warrant was agitated in *Beecher v. Anderson* 45 Mich. 543. The purpose there was to compel the officer by *mandamus* to execute it, and the *mandamus* was denied.  It was not thought necessary to make an explicit decision on the question of validity ; but after all, the determination was virtually a ruling that the warrant was not good.  The Court thought it was not fit to be executed, and intimated distinctly that it recited no crime.  If its want of fitness to be enforced consisted, as I infer, in its not stating an offense, it was *prima facie* invalid, and I do not see how we can take a different view without going against the spirit of our former opinion. Now a warrant must contain in some shape, however informal and however abbreviated, an accusation of a criminal offense. *Hall v. Rogers* 2 Blackf. 429.

The preliminary complaint to the examining magistrate which is to make it his duty to act must be of a " criminal offense " (Comp. L. § 7844) ; and before a warrant is issued there must be an examination on the complaint and it must

be made to appear that a " criminal offense has been committed," and the " substance of the accusation" must be set forth in the warrant. § 7845. Hence the warrant must contain the " substance" of an " accusation" of a " criminal offense," and it would be very strange to say that this could be accomplished by inserting the "substance" of an " accusation" of what is *not* a " criminal offense."

It is the warrant that is to notify the accused of the charge against him, and for many purposes it is the sole foundation and exclusive guide for other proceedings, and it could not perform its function if left dumb on the subject of the offense.

In a class of cases in which the arrest is made in another county the accused is entitled to be taken at his request before a local magistrate and may be liberated on bail without being taken before the magistrate who received the complaint and heard the preliminary examination (§§ 7847, 7848, 7849), and in certain other cases where the magistrate who heard the complaint and first examination and issued the warrant is either absent or unable to attend, the law requires the officer to convey the accused before some other magistrate of the same county (§ 7851), who is required to proceed and hold the final examination. In these cases the magistrate to officiate on the final examination has nothing to go by except the warrant, and his information of the charge must be gathered from that alone. He has nothing else to guide him. But the law makes no distinction between the requisites of the warrant where the accused is examined before the magistrate who issued it or where this takes place before another officer. No greater certainty is made necessary where the examining magistrate has nothing before him except the warrant, than is required where the complaint and first examination are present. All cases stand alike.

The magistrate before whom the accused is taken is of course under a necessity of knowing from the proceedings what he cannot know unless the warrant shows a criminal offense of some definite kind to have been committed and further shows the accused to be charged with it. These

provisions last referred to are connected with the others and they necessarily contemplate that the warrant has been made out as required by the others and that it contains enough to import a criminal offense and of what kind.

But, say the defendants, though it be held that the warrant was not valid, still they were not liable in case they did nothing more than lay the facts as they understood them before the officers of the law and left those officers to use their own judgment. This is no doubt a correct proposition. The defendants did not make the complaint, and if the fault was simply that the magistrate mistook the law and put a wrong construction on the facts and held erroneously that they amounted to the criminal offense of perjury and thereupon issued the warrant, the defendants were not trespassers. *Peckham v. Tomlinson* 6 Barb. 253; *Lewis v. Rose* 6 Lans. 206; *M'Neely v. Driskill* 2 Blackf. 259; *Newman v. Davis* Sup. Ct. of Iowa Dec. 1881; *Leigh v. Webb* 3 Esp. 165; Broom's Com. Law 730, and cases.

But the case went further. The plaintiff claimed that defendants did not limit themselves to a showing of the facts nor to such acts as were reasonably fair and appropriate to the administration of criminal justice; but urged the accusation and that it should be acted on as one of crime, and partly managed and controlled the proceedings in order to bring about the emission of the warrant as a means to secure the arrest; that their will was exerted with effect to make the determination what it was in regard to treating the transaction as criminal, and that the arrest was the designed and only regular consequence of the measures which they pressed on the authorities. Whether the entire testimony bearing on this point is returned is not certain. It is not important. The record shows that the jury had evidence before them which they were entitled to consider as tending to sustain this claim of the plaintiff, and in my judgment the mode of its submission by the court affords the defendants no legal ground of complaint. Whether the jury judged wisely is not a question here.

*Fourth.* To explain motives and prove that the trespass

was malicious, evidence was admitted of threats uttered by each defendant; and in one instance of a threat by Whittemore in Beecher's presence and while Whittemore was acting in another case as Beecher's counsel.  It is now urged that this threat was not provable against Whittemore because he was privileged to make it; nor against Beecher because it was Whittemore's threat and not his and his mere presence was no evidence that he adopted it or assented to it. The last point is made now for the first time.  It was not suggested at the trial.  When the witness was asked whether Beecher was present, his counsel made a general objection without giving any ground for it.  But a little further on and after the witness had testified to a threat by Whittemore that he would put the plaintiff in State prison, and made on the same occasion referred to by the former question, the defendant's counsel objected that the threat was matter of privilege and also not provable because it did not show "the joint acts of the defendants."  The attention of the court was not called to the second point which is now made, and it is not permissible to argue against the ruling on a ground not taken below.  *Hollister v. Brown* supra, and other cases cited with it; also, *Morissey v. People* 11 Mich. 327; *Gilbert v. Kennedy* 22 Mich. 117; *Lobdell v. Merchants & Manufacturers' Bank* 33 Mich. 408; *Campbell v. People* 34 Mich. 351; *Rodgers v. Wells* 44 Mich. 411; *Daly v. Byrne* 77 N. Y. 182; *Burton v. Driggs* 20 Wall. 125; *Bain v. Whitehaven & Furness Junction Ry. Co.* 3 H. L. 1, 15-16.

The second reason assigned at the trial, viz., that the evidence of the threat did not show "the joint acts of the defendants" is very properly abandoned.  We are therefore remitted at this stage to the single point in regard to privilege, and if there is any ground for argument that Whittemore's threat to get Wheaton to State prison was within the liberty of speech which an attorney has, and was a fact that Wheaton could not prove in order to characterize Whittemore's liability for the trespass, it must be because it was pertinent to some matter with which Whittemore was

dealing in the course of professional duty. For if it was not, no privilege could possibly exist. *Cook v. Hill* 3 Sandf. S. C. 341; *Brown v. Cooper* 2 N. Y. Leg. Obs. 355; *Gilbert v. People* 1 Denio 41; *Marsh v. Ellsworth* 50 N. Y. 309, 311, 312; *Hoar v. Wood* 3 Met. 193; *Mc-Laughlin v. Cowley* 127 Mass. 316; *Lanning v. Christy* 30 Ohio St. 115; *Torrey v. Field* 10 Vt. 353; *Wyatt v. Buell* 47 Cal. 624; *Morgan v. Booth* 13 Bush 480; *Johnson v. Brown* 13 W. Va. 71. And as the question arises here on an allegation of error which can only be supported, if at all, on its being made to appear that the required pertinency existed, it rests with the defendants to show it. It is not a thing to be presumed. The fact must appear. Otherwise the exception is not sustained by the record, and it is very clear that nothing of the kind is disclosed. It is impossible to say that the threat was *pertinent* to any thing Whittemore had to do in the way of professional duty.

An argument is made to show that it was an error to admit the separate threats of the defendants because it went to make the least malicious of the two equally responsible with the other. This is specious but not sound. The acts of each wrong-doer may be proved against himself, and " in actions of this kind, the law contemplates no different degrees of guilt. Some of the defendants may be found guilty, and others not; but a party, if guilty at all, is equally guilty with every other party in such joint offence, and is equally liable to the same damages. The trespass is entire, and the act of one is the act of all." *Palmer v. Crosby* 1 Blackf. 139, 142. " In all actions for a joint tort, against several defendants," says Professor Greenleaf, "the jury are to assess damages against all the defendants jointly, according to the amount which, in their judgment, the most culpable of the defendants ought to pay." 2 Ev. § 277. The arresting officer's application to the sheriff of Wayne county for the confinement of the plaintiff in Wayne county jail was competent on the question whether an arrest was in fact made, and it does not appear to have been admitted or used for any other purpose.

*Fifth.* The plaintiff when on the stand was asked if his family were aware that he was under arrest at the time, and he answered that they were and added "Very much annoyed and worried about it." Defendant's counsel moved immediately to strike out this statement and that the jury be instructed that it was improper, and the court at once struck it out, and thereupon counsel excepted because the court did not at the same time say in terms to the jury that the observation stricken out was improper, and the exception is. not abandoned. It has no merit. The act of striking out sufficiently accentuated the impropriety of the statement, and anything further would have been superfluous.

I think the judgment should be affirmed.