WOLF MARKS AND ANOTHER, RESPONDENTS, *v.* JOHN T. SULLIVAN AND OTHERS, APPELLANTS.

FALSE IMPRISONMENT.—PROCESS LEGAL ON FACE.—An action for false imprisonment lies only where the imprisonment is extra-judicial and without legal process, not where there is legal process which is issued upon insufficient grounds or without probable cause. The remedy for the latter case is, if anything, malicious prosecution.

ID.—ID.—ERRORS OF JUDGMENT.—When a party has made complaint to a magistrate and stated to him the facts, and thereupon the magistrate issues his warrant, through a mistake of

judgment and defendant therein is arrested, such party is not liable to such defendant in an action for false imprisonment.

ID.—JUSTICE OF PEACE.—ERROR IN JUDGMENT.—A justice of the peace acting within his jurisdiction is not liable for mistake of judgment in arriving at his conclusions, although the facts upon which he acted do not justify his conclusion.

ID.—ID.—JUDICIAL DISCRETION.—A committing magistrate is required by laws of Utah Territory to hear the complaint of prosecuting witness, and if after hearing the facts, he decides there is probable cause to believe that a public offense has been committed and that defendant has committed it, he must issue a warrant for the arrest of the defendant, *held* that in issuing his warrant the justice of the peace is acting as a judicial officer and cannot in an action of false imprisonment be held responsible to the person arrested under the warrant, even though the facts do not justify the conclusion of the justice that an offense has been committed.

ID.—CONSTABLE.—ACTING UNDER LEGAL PROCESS.—A constable who executes a warrant which is legal on its face, and is issued by a justice of the peace who has jurisdiction of the offence named in the warrant, is not liable to the person arrested in an action for false imprisonment for executing the warrant in a legal manner.

ID.—PROCESS LEGAL.—STATEMENT OF THE CASE.—Where a constable served a writ of restitution for certain premises which was absolutely void because the court issuing it had no jurisdiction and the execution of the writ was resisted by violence, and thereupon the party in whose favor the writ of restitution was granted made complaint before a magistrate of such resistance, and the magistrate having jurisdiction of the offense thereupon issued a warrant for the arrest of the person resisting, because he erroneously considered the writ of restitution was legal, and thereupon the constable to whom the warrant was delivered proceeded to arrest the defendant in the warrant, and the party swearing out the complaint, the justice and the constable, all had knowledge of the facts making the writ of restitution, *held* that in an action of false imprisonment no recovery could be had either against the constable, the justice or the party swearing out the complaint.

EVIDENCE.—HEARSAY.—In an action for false imprisonment for an alleged unlawful arrest, *semble* that the exclamation of a by-

stander at the time the arrest was being made was not admissible, *sed quære* was it part of the *res gestae?*

APPEAL from a judgment, and from an order refusing a new trial, of the district court of the first district, Hon. John W. Blackburn, judge.    The opinion states the facts.

*Mr. John W. Judd* and *Mr. J. W N. Whitecotton,* for the appellants.

*Mr. Charles S. Varian,* *Mr. George Sutherland* and *Mr. William H. King,* for the respondents.

Miner, J.:

This action is brought to recover damages for an assault and battery and false imprisonment.    It appears from the abstract that one W. H. Culmer had brought a suit for forcible entry and detainer in Commissioner Hill's court at Provo, Utah county, against Anna Marks, for possession of premises in Tintic precinct, Juab county.    Execution for possession was issued on the judgment to defendant Sullivan, a constable of Juab county.    When Sullivan began the execution of the writ, on December 19, 1887, he read over the writ to the defendant, who made some objections to the proceedings.    Her attorney was called in, and, after reading the execution, said it was regular, and advised plaintiff to surrender peaceable possession of the property. The officer left his deputy in possession of the house, and went away for a short time, and, when he returned, found the door locked, and plaintiff, with a revolver in each hand, within the house, and she refused him admission.    Sullivan then went before defendant Dana, a justice of the peace of that precinct, exhibited his execution, stated the facts of plaintiff's resistance in a sworn complaint, and obtained a warrant in due form for the arrest of the plaintiff on the charge of resisting him in the lawful discharge of his

duties.   Sullivan arrested the plaintiff on this warrant, and took her before said justice for examination.   She resisted such arrest, and had to be carried or dragged along to the justice's office.   She obtained a continuance of the case from time to time until the 23d of December, at which time she waived examination, and gave bonds to appear before the next grand jury.   The plaintiff brings this action against the justice who issued the warrant of arrest, the constable who served the warrant, Belle Tompkins, and others who aided in her arrest, for an assault and battery and false imprisonment, alleged to have been committed by the defendants at and during such arrest, and the confinement consequent thereon.   It is claimed that the writ of execution was void because issued by a commissioner residing in another county. The case was tried before a jury, and a verdict rendered against Sullivan, the constable, Dana, the justice, and Belle Tompkins, for the sum of $3,000.   The other defendants were found not guilty.

The first question presented is:   Did Dana, the justice, in the absence of any motive or bad faith, exceed his jurisdiction, so as to become liable in damages, in issuing the warrant against plaintiff on the sworn complaint of defendant Sullivan, charging plaintiff with having resisted him in the service of the writ, and was the justice bound to know and decide at his peril, upon an inspection of the execution, and the hearing of the preliminary complaint in advance of the hearing upon the merits, that no offense had been committed by the defendants, and that the acts of the constable in the premises were illegal and void?   In this Territory, justices of the peace are magistrates.   Section 4836, Comp. Laws 1888.   The offense charged was that of willfully resisting an officer.   The justice had no jurisdiction to hear, try, and punish for this offense; he could only act as a committing magistrate.   Comp. Laws 1888, §§ 3023, 4436.   Our statutes require the magistrate to take

testimony of witnesses tending to establish the commission of the offense and the guilt of the defendant, and that if the magistrate is satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue his warrant of arrest. Comp. Laws 1888, §§ 4838, 4839. The justice acted under this authority, and issued this warrant. Should he be held liable for a mistake in judgment? I think the justice had jurisdiction to hear the complaint, and issue the warrant. The offense charged was clearly within his jurisdiction as a committing magistrate, under which the statute made it his duty to issue a warrant of arrest if he was satisfied, from the complaint made, that an offense had been committed, and there was probable cause to believe the defendant committed it. · As to the amount of evidence which the magistrate should require in order to authorize the issue of the warrant, no definite rule can be laid down. The rule that, where there is doubt as to the guilt of the accused, he is entitled to the benefit of it, does not apply in preliminary examinations. It is sufficient if the testimony shows, to the satisfaction of the magistrate, a probable cause of guilt on the part of the accused. Barb. Crim. Law, 522; 1 Chit. Crim. Law, 33. If the evidence has a tendency to produce in the mind of the justice the belief of the probable guilt of the accused, and it does produce that belief, and he issues his warrant upon it, he cannot be said to have issued it without jurisdiction, though further evidence would have been more satisfactory or conclusive, or because he has drawn stronger inferences from it than he should have drawn. *People* v. *Lynch,* 29 Mich. 280. Nor is it to be understood that a magistrate would be liable for issuing a warrant if the facts are not established by the best testimony. He must exercise his judgment in the case; the judgment of no one else will do; and he is not, and should not be held,

liable for a mere error in judgment, when he acts honestly, and within the scope of his authority. When the justice has observed the preliminaries necessary to obtain jurisdiction, and has the right to adjudicate upon the question as to the propriety of issuing the warrant, no mere error of opinion or judgment will render him liable. He is bound to decide such cases, and, if probable cause is shown under the statute, he is bound to issue his warrant; and, unless he acts corruptly, it would be against both policy and justice if the law should allow him to be punished because he did not decide right. But it is claimed that the justice knew from the execution in the hands of the officer that such constable had no authority to serve the writ of restitution.

It appears from the testimony that the plaintiff's attorney examined this writ, and pronounced it regular, and advised the plaintiff to surrender possession. Is it fair to presume that a committing magistrate should be possessed of such knowledge as at once to be able to detect that irregularity in a legal process that had escaped the vigilance of an attorney at law who examined it for that purpose? The irregularity of this process was one of the questions to be tried, and the justice could not judicially know of any defects in the process until a hearing was had. In the case of *Pratt* v. *Gardner,* 2 Cush. 63, in an action against a justice for willfully and maliciously entertaining a false complaint, knowing it to be false, in which the action was held not maintainable, Chief Justice Shaw said that, "where the subject-matter and the person are within the jurisdiction of the justice, he is not bound, at the peril of an action for damages or a personal controversy, to decide right in a matter of either law or fact, but to decide according to his own convictions." And as to whether the complaint was groundless, or was false or feigned, and the

justice knew it, was the very question to be tried; and the justice could not judicially know the fact until a trial was had. His private knowledge would not prevent the complainant from having the questions tried. In *Carter* v. *Dow,* 16 Wis. 298, it is held that a justice of the peace is liable only where he fails to acquire jurisdiction, and not for mere errors of judgment. *Busteed* v. *Parsons,* 25 Amer. Rep. 688, and note. In *Stewart* v. *Hawley,* 21 Wend. 552, where a magistrate, on complaint for the violation of a statute for the observance of Sunday, issued a warrant, had the person complained of arrested, and imposed a fine upon him, it was held that the justice was not liable, although he misjudged as to the facts alleged being an "offense," within the meaning of the statute. In this case it was also held that the constable executing the warrant was not liable for trespass. *Mills* v. *Collett,* 6 Bing. 85; *Ackerley* v. *Parkinson,* 3 Maule & S. 411; *Tompkins* v. *Sands,* 8 Wend. 462; *Erskine* v. *Hornbach,* 14 Wall. 613; *Savacool* v. *Boughton,* 5 Wend. 171; *McCall* v. *Cohen,* 42 Amer. Rep. 641; *Horton* v. *Auchmoody,* 7 Wend. 201; *Yates* v. *Lansing,* 5 Johns. 282; *Supe* v. *Francis,* 49 Mich. 266, 13 N. W. Rep. 584; *Johnson* v. *Maxon,* 23 Mich. 129; *Von Latham* v. *Libby,* 38 Barb. 339; *Same* v. *Rowan,* 17 Abb. Pr. 237; *Wheaton* v. *Beecher,* 49 Mich. 348, 13 N. W. Rep. 769. There is some conflict in the authorities, but I think, from weight of authorities bearing upon this subject, that the warrant of arrest was regular and legal on its face, that the justice had jurisdiction to issue it, and that he is not liable in this action because he may have given undue weight to the testimony of the complaining witness. Having acted in good faith and with jurisdiction, he should not be made liable for a mere error in judgment.

The next question is as to the liability of the constable

for serving this warrant. Under section 4861, Comp. Laws 1888, it was made the duty of the officers to serve the warrant, and, if the defendant forcibly resisted, the statute made it the duty of the officer to use all necessary means to effect the arrest. We have seen that the warrant was regular on its face, and that the justice had jurisdiction to issue it. This being so, the officer was protected by it, and cannot be made liable for its execution in a legal manner, even if he knew of defects in the proceedings attending the issuance of the execution. In *People* v. *Warren,* 5 Hill, (N. Y.) 440, it is held that a ministerial officer is protected in the execution of a process regular and legal on its face, though he has knowledge of facts rendering it void for want of jurisdiction. This doctrine is supported by the great weight of authority, although there are *dicta* the other way. *Webber* v. *Gray,* 24 Wend. 485; *Watson* v. *Watson,* 9 Conn. 140; *Earl* v. *Camp,* 16 Wend. 562; *Stewart* v. *Hawley,* 21 Wend. 552; Cooley, Torts, 459, 460; *Savacool* v. *Boughton,* 5 Wend. 170; *Henke* v. *McCord,* 55 Iowa, 378, 7 N. W. Rep. 623; *Erskine* v. *Hornbach,* 14 Wall. 616. In *Erskine* v. *Hornbach,* 14 Wall. 613, the court holds that "If an officer or tribunal possess jurisdiction over the subject-matter upon which judgment is passed, with power to issue an order or process for the enforcement of such judgment, and the order or process issued thereon to a ministerial officer is regular on its face, showing no departure from the law, or defect of jurisdiction over the person and property affected, then, and in such cases, the order or process will give full and entire protection to the ministerial officer in its regular enforcement against any prosecution which the party aggrieved thereby may institute against him, although serious error may have been committed by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued." The complaint in

this case charges the defendants with false imprisonment and assault and battery. It does not embrace the elements necessary to be alleged in an action for malicious prosecution. False imprisonment consists in restraining another of his liberty without sufficient authority. But an arrest under legal authority does not constitute false imprisonment, although made by virtue of a warrant issued irregularly, and from bad motives. A distinction exists between false imprisonment and malicious prosecution. If the imprisonment is extrajudicial, and without legal process, the action for false imprisonment may lie. It is held to be the general rule that where a person procures the issuance of a warrant, fair on its face, from a judicial officer having jurisdiction to issue it, such person procuring it is not liable in an action for false imprisonment, even though the issuance of such warrant was erroneous because of facts not disclosed; nor would the party procuring it be liable in an action of false imprisonment, even though the warrant was procured maliciously, and without probable cause, although he might be liable in an action for malicious prosecution. 7 Amer. & Eng. Enc. Law, 680, 681; 1 Wat. Tresp. §§ 293, 294, 306, 307. Neither is a person making the complaint liable in an action for false imprisonment if he states the facts to the magistrate, even if such facts do not authorize the issuance of the warrant. If the magistrate puts a wrong construction on such facts, mistaking the law, no one is liable, unless the officer exceeds his authority and acts oppressively in the execution of the process. *Wheaton* v. *Beecher,* 49 Mich. 348, 13 N. W. Rep. 769; *Fenelon* v. *Butts,* 49 Wis. 342, 5 N. W. Rep. 784; *Von Latham* v. *Libby,* 38 Barb. 339; *Newman* v. *Davis,* 58 Iowa, 447, 10 N. W. Rep. 852; *Murphy* v. *Walters,* 34 Mich. 180; *Cassier* v. *Fales,* 139 Mass. 461, 1 N. E. Rep. 922; 7 Amer. & Eng. Enc. Law, 681; *Marks* v. *Townsend,* 97 N. Y. 590; 1 Wat. Tresp. §§ 293–307.

On the cross-examination of defendant Sullivan, he was asked by plaintiff's counsel if he did not have information by telegraph from Mrs. Marks' attorney, in the case of *Tompkins* v. *Marks*, to hold the writ of restitution until he should receive a letter which was on the road from the United States commissioner who issued the writ, which question was answered in the affirmative, under objection and exception by defendant's attorney. I think this was error. Communications between the attorney for Mrs. Marks and the officer who held the writ against her in that case upon the subject named was foreign to the issue involved in the case on trial, where the officer was charged with assaulting Mrs. Marks by means of the service of a warrant upon her in another case, and must have had a tendency to prejudice the jury as against the other defendants, who knew nothing of that matter.

Anna Marks, the plaintiff, was called by the plaintiffs, and gave testimony concerning the arrest. Among other matters, she testified under objection that, while being taken to the justice's office by the defendant, "an Irishman who was present said there were enough men to carry the poor woman." This ruling was excepted to. This statement as to what a bystander said is hearsay, and should not have been admitted. The effect of allowing this statement of a bystander—who is not sworn as witness—to be considered by the jury was to corroborate the testimony of this witness upon a material and disputed question in the case; the plaintiff having testified that she was dragged to the justice's office, while several witnesses on the part of the defense testified that she resisted the officer, and that she was carried to the justice's office in as careful a manner as possible. *Railroad Co.* v. *Van Steinburg,* 17 Mich. 99.

The case was submitted to the jury upon the theory that the writ of restitution was void, and that the justice and

constable knew, or were bound to know, that it was void; that the procurement of the warrant of arrest and the service of it, though valid on its face, would not protect either Sullivan or Dana, under the circumstances of the case. This charge was misleading. The effect of the charge was to instruct the jury that, because the writ of restitution was invalid, the officer would not be justified in issuing and serving a valid warrant, that, as the first writ would not protect the officers, the warrant of arrest, though valid, would not protect them.

This action was brought to recover damages for an alleged unlawful arrest and assault and battery. No unlawful combination or conspiracy on the part of the defendants is alleged or relied upon. It was not an action for malicious prosecution. The assault and battery charged grew out of the service of the warrant alone, and had no connection with the writ of restitution. The principal question before the court was as to the validity of the warrant of arrest, and whether or not the defendants exceeded their authority and committed an assault and battery in its execution. The warrant of arrest having been issued by the justice upon testimony that was satisfactory to him at the time, and in a matter over which he had jurisdiction, and being regular and valid on its face, was a sufficient protection to the officer, if he did not exceed his authority in its service. The question as to whether or not the testimony upon which the warrant was issued was true or false, or whether it was sufficiently strong upon which a conviction could be had, was not important. The testimony satisfied the justice that an offense had been committed, and that there was probable cause to believe that the defendant committed it. The judgment of the court below is reversed, and a new trial ordered.

ZANE, C. J., and BARTCH, J., concurred in the conclusion reached in the opinion.