JOHN HAMNER, RESPONDENT, *v.* THOMAS BALLANTYNE, APPELLANT.

SHERIFFS AND CONSTABLES—EXECUTION AS JUSTIFICATION—VOIDABLE JUDGMENT.

1. In this case the defendant, an officer, under an execution fair on its face, levied upon $242.85, money of the plaintiff. On the trial of the cause the defendant offered the writ with

the return thereon in evidence, without the judgment on which it was issued. *Held,* that as it was an action for damages resulting to the plaintiff, and not to try the right to the money taken, it was not necessary to produce in evidence the judgment upon which the writ had been issued.

2. In a suit for damages against an officer for the seizure of property in defendant's possession, under an execution fair on its face, the officer may justify without producing a judgment, though he knew of irregularities or defects that rendered it voidable; otherwise, if he knew the judgment was void.

MINER, J., dissents as to liability of officer.

(No. 646. Decided April 9, 1896. 44 P. R. 704.)

Appeal from the district court of the Fourth judicial district, Territory of Utah. Hon. H. W. Smith, *Judge.*

Action by John Hamner against Thomas H. Ballantyne. Judgment for plaintiff. Defendant appeals. *Reversed.*

An action of trover was brought by Hamner against Ballantyne for the conversion of $242.85. The answer of the defendant alleges that he was a deputy United States marshal, and that whatever he did was done under authority and in pursuance of an execution held by him against Hamner *et al.,* issued from the Third judicial district court of Utah Territory. Upon the trial of the case Ballantyne as a defense to the action offered in evidence the execution under and by authority of which he acted, which was objected to upon the ground that it was "incompetent, irrelevant, and immaterial," which objection was sustained, upon the ground that it was incumbent upon the defendant to show a valid judgment existing in the court upon which the execution issued.

*J. W. Judd,* for appellant.

In Vol. 1, second edition, Freeman on Executions, at section 101, it is said:

"The sheriff may limit his inquiries to an inspection of the writ. If the writ is issued by the proper officer, in due form, and appears to proceed from a court competent to' exercise jurisdiction over the subject matter of the suit, to grant the relief granted and enforce it by the writ issued, and there is nothing on the face of the writ showing a want of jurisdiction over the person of the defendant, or showing the writ to be clearly illegal from some other cause, the officer may safely proceed.

In support of the text thus quoted from Mr. Freeman, authorities are cited from almost every State in the Union, and from the Federal supreme court; in fact this question is not now open to dispute. As illustrative of the text I cite the case of *Clay* v. *Caperton*, 15 Am. Decs. 77, where it is held:

"An officer sued for taking property may justify by showing an execution against his adversary which is regular upon its face."

Likewise the case of *Farley* v. *Lea*, 32 Am. Decs. 680, which was an action of trover by the plaintiff against the sheriff for selling certain property. The sheriff offered his execution in justification, and it was there held as follows:

"Judgment need not be proved to justify a sale under execution issued upon such judgment, but in an action against an officer it is sufficient for him to show that in making the sale he acted under the authority of the writ, in obedience to the mandate of the court."

The same was held by this court in the case of *Marks* v. *Sullivan*, in an opinion delivered by Justice Miner. The case is reported in 9 Utah; and at page 19 the following language is used:

"We have seen that the warrant is regular on its face and that the justice had no jurisdiction to issue it. This being so, the officer was protected by it and cannot be made liable for its execution in a legal manner, even if he knew of the defects in the proceedings attending the issuance of the execution."

*Evans & Rogers,* for respondents.

The court will observe that the defendant was not sued in trespass or as a trespasser or tort feasor, but the issue to be tried was, who had the right of property mentioned in the complaint and answer?

The respondent claiming it to be his, and that the appellant had unlawfully dispossessed him of it and converted it to his own use, while the appellant asserted, that he had levied upon the property and had taken the same, not for his own benefit, but for that of the party named in the writ, for whom he was acting.

The rule seems to be well settled, that if a party claims to hold property by virtue of a levy under an execution, he must show, in the first place, a valid judgment for the foundation of that execution, in order to sustain his right to the property. *Beach* v. *Botsford,* 1 Douglass (Mich.) 199; *Le Roy* v. *East Saginaw City Ry.,* 18 Mich. 233; *Adams* v. *Hubbard,* 30 Mich. 103; *Sidday* v. *Witherspoon,* 35 Mich. 367, per Cooley, Ch. J.; Cobbey on Replevin, par. 806; Cooley on Torts, (2d Ed ) 542.

Where the officer is sued as a trespasser or as a tort feasor, we concede, that, the writ being fair and legal on its face and issued out of a court having jurisdiction to issue, is as to him, a justification complete, and such is the decision of the case of *Marks* v. *Sullivan,* 9 Utah 12.

Examining the judgment it is seen that "the defend-ant Blackburn & Co. had been regularly served with process."

And the judgment is entered against Blackburn & Co.

Respondent's name is not mentioned in the judgment.

Sec. 3191, C. L., '88, provides that such a judgment as B. K. Bloch & Co. obtained against Blackburn & Co. shall bind the *joint property* of all persons composing Blackburn & Co.

No citation of authority is deemed necessary to sustain the legal proposition that upon such a complaint, summons and judgment, B. K. Bloch & Co. could not legally take the individual property of respondent.

ZANE, C. J.:

This is an appeal by the defendant from a judgment against him, in favor of the plaintiff, for the sum of $268.50 and for costs, and from an order refusing a motion for a new trial. With other facts, the plaintiff alleged, in his complaint, that he was the owner of $242.85, and that the defendant carried it away, and unlawfully converted it to his own use, to plaintiff's damage in the sum of $242.85, with interest. To this complaint the defendant filed an answer, in which he justified such taking and conversion under an execution, which he made a part thereof. The execution recites a judgment against the defendants, John Hamner and others, and appears to be fair on its face. The defendant stated further, in his answer, that, in obedience to the execution, he demanded the amount due thereon, and that plaintiff paid to him the $242.85 in satisfaction thereof, and that he returned said sum, with the execution and his return thereon, to the clerk's office. The execution and return thereon established the above facts, with the additional one that the $242.85, less the costs, were paid to Hamner's attorney.

On the trial of the cause the defendant offered the exe-

cution with the return thereon in evidence, and, the court having sustained the plaintiff's objection to its admission, defendant excepted, and assigns such refusal as error. This assignment of error raises the question, was the execution admissible in evidence, without the judgment upon which it issued? The writ required the officer to demand of the defendants the sum mentioned in it, and, upon refusal to pay, to levy upon and sell enough of their unexempted personal property to satisfy the same, and, if enough could not be found, to levy upon and sell enough unexempted real property. In demanding and receiving the money due on the execution, and crediting the same, the officer beyond the commands of the writ, and he was protected by the writ in so doing. An officer with an execution in his hands is not authorized to demand payment from a person not a party to it, or to levy on the property of any other person. If he levies on property in the possession of a person, not a party who claims a right to it, he must produce the judgment with the execution under a plea of justification; because possession is *prima facie* evidence of ownership. The officer is apprised, by the possession and the claim, that the person making it has the *prima facie* right according to his claim. However, we do not wish to be understood as holding that an officer would be justified in executing a writ against a person named in it as a defendant who was not a party to the judgment upon which it issued, or in executing a writ issued on a void judgment, after learning that such person was not a party to the judgment or that is was void or that there was no judgment. With such knowledge, we are of the opinion that the officer should not execute the writ. *Grace* v. *Mitchell*, 31 Wis. 533; *Sprague* v. *Burchard*, 1 Wis. 457; *McDonald* v. *Wilkie*, 13 Ill. 22; *Leachman* v. *Dougherty*, 81. Ill. 325. There is a conflict in the authorities, however, as to this

rule, but we think it sustained by authority and better reasoning. Freem. Ex'ns (2d Ed.), § 102. But we cannot apply this rule to this case, because knowledge that the plaintiff was not a party to the judgment upon which the execution issued is not sufficiently shown by the evidence in the record. Notice of any irregularity or fraud in obtaining the judgment, or in the judgment itself, that simply renders it voidable, but not void, will not justify the officer in refusing to execute the writ, or render its execution by him wrongful, or make him liable for its execution. In that case, the judgment would be effectual until set aside, and such action must be left to the party whose rights are invaded.

The plaintiff claims that the issue tried in the court below between defendant and himself was simply a right to property; that the officer was not proceeded against as a tort feasor. When the proceeding is one in rem, as in the case of an action of replevin, the better rule is that the officer, in justifying, must show a valid judgment as the foundation of the action, although the writ may be fair on its face, and he has no information that it has been issued on a judgment void for want of jurisdiction of the subject-matter or of the person, or without any judgment upon which to base it. If an officer in good faith executes a writ, fair on its face, the writ protects him, though there was no judgment upon which to base it. Such a writ can only be used as a weapon of defense, and for protection,—not for the purpose of attack for offensive purposes. An officer, who in good faith seizes or sells property under an execution, may justify, in a suit for damages against him in consequence of such seizure or sale, without producing the judgment; and he will be regarded as having acted in good faith, when the writ was fair on its face, and he was not advised that there was no judgment, or

that, if there was, it was void. And it will make no difference whether the suit is for damages on an implied contract or upon a tort. A ministerial officer cannot be held personally liable in any proceeding, civil or criminal, for any act done by him in executing a writ fair on its face, unless he knows, or should have known, as a reasonable man, that the judgment upon which it purported to have been issued was void, or that there was no judgment. In the trial of the title or right to property in the officer's hands under the writ, he must, however, produce the judgment, though the writ is fair upon its face, and he has no knowledge that the judgment is void, or that there is none. Such a proceeding is against the property, or to recover it, and not to subject the officer to responsibility for his acts in obedience to the mandate of the court. *Beach* v. *Botsford*, 1 Doug. (Mich.) 199; *Gidday* v. *Witherspoon*, 35 Mich. 368; Cobbey, Repl. §§ 806, 807; Cooley, Torts (2d Ed. 542; *Leroy* v. *East Saginaw City Ry. Co.*, 18 Mich. 234; *Adams* v. *Hubbard*, 30 Mich. 104.

The plaintiff alleged, in his complaint, that the defendant took $242.85 of his money and unlawfully converted it to his own use. The plaintiff was a party defendant to the execution under which the officer, who is the defendant in this case, took the money; and the writ purported to be on a judgment against the plaintiff in this case, and was fair on its face; and the evidence does not show that the defendant knew that the judgment was void or that no judgment had been rendered against the plaintiff; and this case was not instituted to recover the specific money taken by the officer. It was brought to recover damages for the unlawful conversion of the money by the officer to his own use. If the plaintiff had waived the tort alleged, and sued for money had and received by the officer to plaintiff's use,

it would not have been an action to try the title or right to the money merely. The effect of a judgment against the officer in that case would have made him personally responsible for acts performed, in good faith, on an execution against a defendant to it; but, as we have seen, the execution protected the officer for such acts, under such circumstances. While the former distinctions between civil actions in this State have been abolished, they will be regarded still as founded upon contract or tort from the facts alleged in the complaint. Actions in this State are classified with respect to the facts alleged. From the facts alleged, this action must be regarded as in trover. While in some cases the person whose property has been unlawfully converted into money or money's worth may waive the tort, and base his action on an implied contract for money had and received, the plaintiff based this one on the wrongful conversion of his money by the defendant. The action is not for the identical money which he alleges was converted, but he claims damages for the wrongful conversion of his money. The execution, being fair on its face, justified the conversion as the return shows it was made. The action could not be regarded as one to try the right to the money taken that had been paid to defendant's attorney before the suit was brought. It was for damages resulting to plaintiff, as claimed, from the wrongful and unlawful conversion of his own money by the defendant.

In sustaining plaintiff's objection to the execution offered in evidence by the defendant, we are disposed to think that the court below erred. The judgment and order appealed from are reversed, and the court below is directed to grant a new trial.

Bartch, J., concurs.

MINER, J.:

I concur, except that I am of the opinion that, in a case of trover, where the execution is fair and regular on its face, and issued by a court having jurisdiction, the officer would be protected by it, and cannot be held liable for its execution in a proper manner, even if he knew of irregularities or defects in the proceedings attending the issuing of the execution. See *Marks* v. *Sullivan,* 9 Utah 12, 33 Pac. 224, and cases referred to. See also *Matthews* v. *Densmore,* 109 U. S. 216, 3 Sup. Ct. 126.