## In re GUNZBERGER.

(District Court, M. D. Pennsylvania. September 1, 1920.)

1. Bankruptcy ⬅═➤396(1)—Exemption rights governed by state law.
    Under the Bankruptcy Act (Comp. St. §§ 9585–9656), the rights and practice relating to exemption are governed by the state law.
2. Exemptions ⬅═➤88, 89—Debtor may waive, but not assign.
    Under the law of Pennsylvania, the right of the debtor to claim property as exempt from the execution is a personal privilege, which he may waive, though he cannot assign it.

3. **Bankruptcy ⬥⟹400 (3)—Exemption must be claimed in property, not in proceeds of sale.**

Under the laws of Pennsylvania, a bankrupt can claim as exempt only the property itself, and cannot claim the exemption as to the proceeds of a sale of the property, which was exempt.

4. **Bankruptcy ⬥⟹400 (3)—Execution creditor cannot follow proceeds of sale of exempt property.**

A creditor in whose favor the debtor had before bankruptcy waived exemption, and who had secured an execution lien upon the property within four months before bankruptcy, cannot claim under his lien on the exempt property, which alone was unaffected by the bankruptcy proceedings, the difference in money between the value of the exempt property claimed by the bankrupt and the $300 allowed by law, since he cannot follow the proceeds of exempt property, any more than the bankrupt himself could.

5. **Bankruptcy ⬥⟹399 (1)—Bankrupt waives exemption by failure to claim it.**

Where a bankrupt fails to claim his exemption within time specified by Bankruptcy Act, § 7, cl. 8 (Comp. St. § 9591), or before a sale of his assets as required by the state law, his right thereto is waived.

6. **Bankruptcy ⬥⟹395 (1)—Exemption right cannot be assigned.**

To permit an execution creditor to recover from the trustee in bankruptcy the difference between the value of the property claimed by the bankrupt as exempt and the amount of exemption allowed by state law would be to permit an assignment of the bankrupt's right of exemption, which is contrary to the state law.

In Bankruptcy. In the matter of the estate of William Gunzberger, bankrupt. Petition by the J. E. Dayton Company to have a sum of money awarded to them as a secured claim was denied by the referee, and petitioner asks for review. Decision of referee affirmed.

The following is the opinion of Crandall, Referee:

Prior to the adjudication in bankruptcy, J. E. Dayton Company entered judgment in the court of common pleas of Lycoming county against William Gunzberger, and issued a test, fi. fa. to Potter county. This judgment was entered upon a judgment note containing a waiver of exemption. Upon this execution a levy was made by the sheriff of Potter county upon the personal property of the bankrupt. Prior to the sale a petition in bankruptcy was filed in the District Court, and a restraining order issued and served upon the sheriff. Afterwards William Gunzberger was declared bankrupt.

The bankrupt filed the schedule required by law and the rules of the Supreme Court, and claimed as his exemption, under the Pennsylvania statute, certain specific property (household goods) which he valued at $185. The bankrupt made no other or further claim for exemption. This property claimed as exempt was appraised and set apart by the trustee to the bankrupt. Subsequently, on the petition of J. E. Dayton Company, the restraining order was modified, so as to permit the sale by the sheriff of the said exempt property awarded set aside to the bankrupt.

On February 4, 1920, J. E. Dayton Company filed a petition setting forth substantially the foregoing facts, and asked that the sum of $115 be awarded to them as the difference between the $300 exemption and the value of the property as claimed by the bankrupt for his exemption. A rule to show cause was granted upon this petition, returnable at the office of the referee February 14, 1920. By consent of counsel this hearing was continued and A. F. Jones, attorney for Leon P. Root, trustee, filed an answer in the nature of a demurrer to the petition of the J. E. Dayton Company.

Before filing this petition, the said J. E. Dayton Company, after the sale of the exempt property, filed an amended claim, which was allowed by the referee so that the claim stood as $300 secured and $598.48 as an unsecured

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

claim. It is upon the $300 secured portion that this company bases its claim for the $115 allowance.

No claim for exemption was filed by the bankrupt other than that in his original schedule listing household goods to the amount of $185, nor has he made any claim for any proceeds derived from the sale of his property. The assets were entirely personal property and were converted into money by the trustee. The facts in the case are all shown by the records and conceded in the pleadings and arguments.

The question submitted to the referee was: Can an execution creditor, with a lien by levy on personal property prior to an adjudication in bankruptcy, claim funds secured by the trustee to the extent of the difference between' the property set aside to the bankrupt, and his Pennsylvania $300 exemption, when the bankrupt has not made any further claim for· exemption?

[1, 2] There is no doubt that, under the Bankruptcy Act (Comp. St. §§ 9585–9656), the practice and exemption rights are governed by the Pennsylvania law. Under this law it is thoroughly settled that a person can waive his exemption in favor of his creditors, for the reason that it is recognized as a personal privilege. Appeal of the Overseers of the Poor of White Deer Township, 95 Pa. 191; Kyle and Dunlap's Appeal, 45 Pa. 353. In this case Mr. Justice Woodward uses this language on page 360: "A debtor is offered an exemption of $300 by the act of 1849, if he claims it in due time. But because it is a personal right he may waive it. He is not compelled to accept the bounty of the statute. He is not permitted to assign it, but it is impossible to say that he may not release it, and that at any time before the money is actually in his pocket. Heller's conduct was capricious and unreasonable, beyond doubt, but the positive release of a personal right, even by a capricious and unreasonable man cannot be judicially set aside. And where a debtor fails to claim his exemption, or having claimed it afterwards releases it, he stands as if there were no exemption statute. As to him it is a dead letter."

In Re Pfeiffer (D. C. Pa.) 19 Am. Bankr. Rep. 230, 155 Fed. 892, Ewing, District Judge of the Western District, said: "Under the Bankruptcy Act claims for exemption are to be allowed and administered under the state laws and in accordance with the decisions of the Supreme Courts of the respective states. Under the decision of the Supreme Court of this state in the case of Hammer v. Freese, 19 Pa. 255, the claim for exemption in this case could not be allowed as made in the bankrupt's schedules. The act of 1849 (P. L. 533) provides that 'property to the value of $300 shall be exempt,' etc., and does not permit, under the decision aforesaid, the claimant for the exemption to take the proceeds of property to be subsequently sold. A debtor may waive his right to the exemption (Case v. Dunmore, 23 Pa. 93), but may not assign it (Bowyer's Appeal, 21 Pa. 210; Bogart v. Batterton, 6 Pa. Super. Ct. 468), and he may withdraw his claim (Appeal of Overseers of the Poor, etc., 95 Pa. 191; Kyle & Dunlap's Appeal, 45 Pa. 353)."

[3] It was also held in the Pfeiffer Case, last cited, that the claim under the Pennsylvania statute must be taken in property and cannot be claimed out of the proceeds of property subsequently sold. In the Freese Case, 19 Pa. 257, this language is used: "The act speaks of property, not money. It requires him to elect the goods he wishes to retain, and have them appraised; and property thus chosen and appraised shall be exempt from levy and sale. * * * There are sound reasons why he should take the goods or take nothing."

To the same effect, in Bonsall et al. v. Comly, 44 Pa. 442, Justice Thompson on page 446 says: "The right of exemption is a personal privilege, and not an incident of property. If this were not so, the debtor might follow the proceeds of the property after the sale. This we know he cannot do, as it is property, in case of a levy on goods or chattels, and not money which he is entitled to claim. Hammer v. Freese, 7 Harris, 255."

To the same effect are the Pennsylvania bankruptcy cases of In re Staunton, 9 Am. Bankr. Rep. 79, 117 Fed. 507, In re Haskin (D. C.) 6 Am. Bankr. Rep. 485, 109 Fed. 789, In re Manning (D. C.) 7 Am. Bankr. Rep. 571, 112 Fed. 948, and In re Von Kern (D. C.) 14 Am. Bankr. Rep. 403, 135 Fed. 447.

These are all Pennsylvania bankruptcy cases and Judge Holland states in the latter case: "Where * * * the bankrupt files no schedule or makes no request upon the trustee to set aside specific articles of exemption until after the sale, he must be regarded as having waived his right of exemption, and he cannot claim $300 out of the proceeds of sale."

[4] The referee has been shown no authority which will give any execution creditor rights superior to those of the bankrupt, and the conclusion is reached that an execution creditor cannot follow the proceeds from the sale of personal property after they are cash in the trustee's hands. The copy of the judgment entered by the J. E. Dayton Company against the bankrupt, on which the execution was issued, shows the date of entry to be March 22, 1919, on which date the test. fi. fa. was issued. The adjudication in this case was on April 5, 1919. The lien obtained by the sheriff accordingly was not four months old, and would be rendered void under the Bankruptcy Act as to all personal property except the exempt property of the bankrupt.

The bankruptcy court has no jurisdiction over the exempted property, except to make the appraisal and set it aside to the bankrupt. The right of creditors as to the exempted property must be determined by the state courts. 7 Corpus Juris, 363, § 643, citing Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, 10 Am. Bankr. Rep. 107, and other cases.

[5] By claiming no other exemptions than the listed articles, this act of bankruptcy constituted a waiver in favor of the general creditors of all claims to exemption upon any other property than that specified. Where a bankrupt fails to make claim for his exemption in the manner and within the time provided by the Bankruptcy Act and General Orders in Bankruptcy, the right of exemption is waived. In re Exum (D. C. Ala.) 31 Am. Bankr. Rep. 691, 209 Fed. 716; In re Gerber, 26 Am. Bankr. Rep. 608, 186 Fed. 693, 108 C. C. A. 511. In Re Wunder (D. C.) 13 Am. Bankr. Rep. 701, 133 Fed. 821, it is held that, where an involuntary bankrupt neglects to file his claim for exemption within the time specified by section 7, clause 8, of the Bankruptcy Act, or before a sale of his assets as required by the state law, his rights thereto are waived.

[6] Furthermore, the position contended for by the petitioners in these proceedings will operate as if an assignment of the exemption right had been made to this company. The authorities above quoted show this to be clearly contrary to the Pennsylvania law. If the petitioner's contention is maintained, it will give it a preference over other creditors upon the property and proceeds clearly and distinctly within the jurisdiction of the bankruptcy court to administer.

Counsel for the petitioning company cites In re Goldberg (D. C.) 254 Fed. 440, 42 Am. Bankr. Rep. 299. A careful reading of the opinion in this case fails to disclose sufficiently the facts to ascertain whether it will rule the case at bar. From the conclusion reached by Judge Thompson we prefer to think that the facts distinguish that case from the case at bar. We are forced to this conclusion in deference to the opinion of Judge Thompson, rather than think he stated the rule of law to be applied in this case contrary to the Pennsylvania rules so well established by numerous cases.

The learned court did not discuss these principles in their application to the Goldberg Case, nor give any logical reasoning to distinguish the application of these principles, even if the facts in the Goldberg Case are similar to those before us. For the reasons above stated, the claim of J. E. Dayton Company for $115 must be denied.

And now, April 30, 1920, it is ordered that the claim of J. E. Dayton Company for an allowance of $115 out of funds in the trustee's hands be denied, and that an order of distribution be made, allowing said company to participate in the funds for distribution only to the extent of its unsecured claim pro rata with other unsecured creditors.

A. R. Jackson, of Williamsport, Pa., for claimant.
Jones & Lewis, of Coudersport, Pa., for trustee.

WITMER, District Judge. The question presented in the certificate for review has been fully and well considered in an opinion filed by the learned referee, which has the approval of the court and may be considered as expressing the opinion of the court. It follows that the exceptions filed are set aside, and the order of the referee, disallowing the claim of J. E. Dayton Company for allowance of $115 out of the funds in hands of the trustee in bankruptcy, except as an unsecured claim, is hereby affirmed.